JUDGE HO

**24 CV 07106**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **ROBERT G. LOPEZ, a/k/a**<br>**TradeMarkRob®, an individual** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | |
| **NEW YORK CITY TOURISM +** | ) | **JURY TRIAL DEMANDED** |
| **CONVENTIONS, INC.,** | ) | |
| **ONLY NY STORE, LLC,** | ) | |
| **ONLY NY, INC.,** | ) | |
| **CITY OF NEW YORK,** | ) | |
| **GERALD E. SINGLETON, ESQ.** | ) | |
| **Assistant Corporation Counsel CNY,** | ) | |
| **GEORGIA M. PESTANA, ESQ.** | ) | |
| **Corporation Counsel City of New York,** | ) | |
| **MURIEL GOODE-TRUFANT, ESQ.** | ) | |
| **Acting Corporation Counsel CNY, and** | ) | |
| **HON. SYLVIA O. HINDS RADIX** | ) | |
| **Corporation Counsel City of New York** | ) | |
| | ) | |
| **Defendants.** | ) | |

U.S. DISTRICT COURT
FILED
SEP 19 2024
S.D. OF N.Y.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, CIVIL CONSPIRACY, TORTIOUS INTERFERENCE WITH BUSINESS, CONVERSION, UNJUST ENRICHMENT AND DEFAMATION

Plaintiff, Robert G. Lopez, alleges his complaint against Defendants, New York City Tourism + Conventions, Inc. ("NYCTC"), Only NY Store, LLC and Only NY, Inc., individually and together ("Only NY"), City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., Muriel Goode-Trufant, Esq., and Hon. Sylvia O. Hinds Radix as follows:

## NATURE OF THE ACTION

1.     This action arises from Defendants NYCTC, City of New York and Only NY's infringement and unauthorized copying of Plaintiff's registered copyright in the work titled "**NYC New York Cannabis Snapback Photo**" under **United States Copyright Registration**

**No. VA0002244019** and from Defendant Only NY's infringement and unauthorized use of Plaintiff's trademarks shown below and copying of Plaintiff's registered copyright in the work titled "**NYC New York Cannabis Flagship Store Photo**" under **United States Copyright Registration No. VA0002276758** . This action likewise arises from Defendants NYCTC, City of New York and Only NY's unauthorized copying of Plaintiff's copyright for the work titled "**NYC New York Cannabis Logo Photo**" under **United States Copyright Application Case No. 1-9869164641**, which application was improperly refused registration by the United States Copyright Office.

2. This action also arises from Defendants NYCTC, City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., Muriel Goode-Trufant, Esq., Hon. Sylvia O. Hinds Radix and Only NY's collective efforts to engage in a civil conspiracy with one another to devise and execute a plan and scheme to interfere with Plaintiff's business operations to prevent and deprive Plaintiff the right and ability to use his registered trademarks and copyrights for his business products and services consisting of the marks and photo images depicted below:

**Plaintiff's Copyrighted & Trademarked NYC NEW YORK CANNABIS™ Logos**

  

**Plaintiff's Copyrighted NYC NEW YORK CANNABIS™ Photographs**

  

3.  Finally, this action arises from Defendants City of New York, Gerald E. Singleton, Esq., Hon. Sylvia O. Hinds Radix and Muriel Goode-Trufant, Esq.'s Defamation of Plaintiff by negligently making false statements of fact in their documents filed and published with this Court which false statements of fact were negligently made with reckless disregard for the truth and such false statements have caused extreme harm to Plaintiff's personal and professional reputation.

4.  Despite Plaintiff being the copyright owner of the "**NYC NEW YORK CANNABIS**" logo under the art design shown above, and the copyright owner of the photographs depicted above, Defendants Only NY, City of New York and NYCTC have infringed Plaintiff's rights in the above-referenced copyrights by copying, reproducing, publishing, exploiting, and advertising images that violate and copy constituent elements of Plaintiff's copyrights referenced above.

5.  Defendants NYCTC and City of New York have infringed Plaintiff's rights in his **NYC New York Cannabis Snapback Photo** and **NYC New York Cannabis Logo Photo** copyrights referenced above by copying, exploiting, and publishing an image on its website www.business.nyctourism.com/licensing, that copies constituent elements of Plaintiff's copyrights in his **NYC NEW YORK CANNABIS™** photographs, as shown in the image below taken from Defendant NYCTC and City of New York's website and such acts were done without the authorization or consent from Plaintiff.

**Defendant NYCTC and City of New York's webpage depicting an image of a Snapback cap and other images that Copy elements of Plaintiff's copyrighted photos referenced above.**





# Licensing

We are the exclusive worldwide licensing agent for the City of New York, responsible for developing, managing and

6. Defendant NYCTC is the exclusive licensing agent for Defendant City of New York and Defendant NYCTC develops licensed products, including but not limited to clothing products as shown in the website snapshot image above.

7. Plaintiff, in addition to his copyrights and trademarks referenced above, has also used and created the below image design and layout on his website www.nyc-cannabis537.nyc and Plaintiff also claims copyright ownership in the below image and website layout that is visually similar to the website design layout of Defendants NYCTC and City of New York:

**Plaintiff's old website homepage design layout**



8. Defendant Only NY has infringed Plaintiff's rights in his **NYC New York Cannabis Snapback Photo** and **NYC New York Cannabis Logo Photo** copyrights referenced above by copying, exploiting, and publishing a vinyl sticker bearing an **NYC** image on its flagship

retail store front window signage located at 176 Stanton Street, New York, NY 10002, and such **NYC** store signage image of Defendant Only NY copies constituent elements of Plaintiff's copyrights in his **NYC NEW YORK CANNABIS™** photographs and logo, as shown in the image below of Defendants Only NY's store front and such acts were done without the authorization or consent from Plaintiff and such act was done by Defendants Only NY to unfairly compete with Plaintiff by using an almost identical mark to that of Plaintiff's registered trademarks.

**Defendant Only NY's store front depicting an image that copies constituent elements of Plaintiff's "NYC New York Cannabis Flagship Store Photo"**



9.     Defendants NYCTC, City of New York and Only NY's use and copying of Plaintiff's **NYC NEW YORK CANNABIS©** photographs were done willfully and intentionally as Defendants Only NY, City of New York and NYCTC were aware of Plaintiffs **NYC NEW**

5

**YORK CANNABIS©** designs, artwork, retail clothing business, website, Instagram account and had access to Plaintiff's **NYC NEW YORK CANNABIS©** designs, artwork, and photographs.

10. Approximately one year after Plaintiff introduced his clothing items into the marketplace in 2020 bearing Plaintiff's stylized **NYC NEW YORK CANNABIS™** logo design, Defendants Only NY began producing, printing, selling and offering for sale hoodies, t-shirts, headwear and other clothing items that were similar to Plaintiff's designed clothing products bearing Plaintiff's **NYC NEW YORK CANNABIS™** marks and such use by Defendants Only NY have and continue to create a likelihood of confusion as to the source of clothing products bearing Plaintiff's stylized **NYC NEW YORK CANNABIS™** marks.

**Plaintiff's Clothing Products bearing his stylized NYC NEW YORK CANNABIS™ logo**



6

**Defendant ONLY NY's Products bearing a confusingly mark to that of Plaintiff's marks**



11.     Plaintiff is informed and believes and thereon alleges that Defendants Only NY are advertising, promoting, selling, and offering for sale t-shirts, hoodies, headwear and other clothing items in commerce bearing an almost identical mark to Plaintiff's registered **NYC NEW YORK CANNABIS™** trademarks via the website www.onlyny.com and via its retail stores which violate and infringe Plaintiff's trademark rights in his **NYC NEW YORK CANNABIS™** marks.

12.    Defendants Only NY's use of a mark that resembles Plaintiff's **NYC NEW YORK CANNABIS™** trademarks is likely to cause confusion as to the source of clothing products under Plaintiff's **NYC NEW YORK CANNABIS™** marks.

13.    Defendants Only NY's continued use of any variation of Plaintiff's **NYC NEW YORK CANNABIS™** marks is likely to cause confusion as to the source of apparel products under Plaintiff's **NYC NEW YORK CANNABIS™** mark.

14.    Defendants Only NY's use of Plaintiff's trademarks is not considered a fair use as Defendant Only NY is using the marks for commercial business purposes and for a profit.

15.    Defendants Only NY's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale as it has been in previous litigation with Plaintiff and Defendants Only NY's flagship store is located around the corner from where Plaintiff's **NYC NEW YORK CANNABIS™** flagship were located on Clinton Street in Lower Manhattan.

16.    Defendants Only NY have acted in bad faith in using Plaintiff's trademarks as they have attempted to palm off the good will and reputation that Plaintiff has built in the **NYC NEW YORK CANNABIS™** marks.

## JURISDICTION AND VENUE

17.    This Court has jurisdiction over this action pursuant to 17 U.S.C. §101, et. seq., 17 U.S.C. §501-509; Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c) and 28 U.S.C. §1367.

18.    This Court has personal jurisdiction over the Defendants because Defendants are engaged in business activities in and directed to the State of New York within this judicial district, and because Defendants' have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district and because some of the Defendants are registered

corporations or Limited Liability Companies with the New York State Division of Corporations and maintain an office, store and/or business operations in New York County.

19.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff maintains a residence and the Defendants transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damage to Plaintiff and his intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

20.    Plaintiff, Robert G. Lopez is an individual with an address at 230 Clinton Street – #11C, New York, NY 10002.

21.    Upon information and belief, Defendant, New York City Tourism + Convention, Inc. is a New York corporation with a business address at 810 Seventh Ave., 3rd Floor, New York, NY 10019.

22.    Upon information and belief, Defendant Only NY Store, LLC is a New York Limited Liability Company with a business address at 176 Stanton Street, New York, NY 10002.

23.    Upon information and belief, Defendant Only NY, Inc. is a New York corporation with a business address at 176 Stanton Street, New York, NY 10002.

24.    Upon information and belief, Defendant City of New York is a New York municipal corporation organized pursuant to the laws of the State of New York, with its principal offices in the State of New York, County of New York.

25.    Upon information and belief, Defendant Gerald E. Singleton, Esq. is Assistant Corporation Counsel for the City of New York, with an office at 100 Church Street – Room 20-093, New York, NY 10007 in the County of New York.

26.     Upon information and belief, Defendant Georgia M. Pestana, Esq. is Acting Corporation Counsel for the City of New York, with an office at 100 Church Street – Room 20-093, New York, NY 10007 in the County of New York.

27.     Upon information and belief, Defendant Muriel Goode-Trufant, Esq. is Acting Corporation Counsel for the City of New York, with an office at 100 Church Street – Room 20-093, New York, NY 10007 in the County of New York.

28.     Upon information and belief, Defendant Hon. Sylvia O. Hinds Radix is Acting Corporation Counsel for the City of New York, with an office at 100 Church Street – Room 20-093, New York, NY 10007 in the County of New York.

## FACTS

29.     Plaintiff Robert G. Lopez a/k/a TradeMarkRob®, a native of the Lower East Side in New York City, has for many years been a well-known hustler and entrepreneur in the streets of New York City and since at least as early as 2012, Plaintiff has owned several brick-and-mortar retail locations on Clinton Street in Lower Manhattan, that amongst other things, offer clothing and other related goods and services.

30.     Plaintiff also comes from a legal background in the field of intellectual property as Plaintiff, for 13 years, managed and ran, as a paralegal, the trademark and copyright department of an intellectual property law firm in New York City, in which Plaintiff resigned from in February of 2013.

31.     Plaintiff has also been a Pro Se Plaintiff in approximately 45 separately filed infringement actions in the United States District Court for the Southern District of New York dating back as early as 2010, involving violations of Plaintiff's ownership in various intellectual property rights and IP properties.

32.    Plaintiff for approximately the past twenty (20) years, has also provided business management and consultation services to independent business owners and entrepreneurs, including consultation on issues involving business formation, trademark and copyright registration, and brand enforcement through the commencement of litigation.

33.    Plaintiff is professionally known in the business world and marketplace as **TRADEMARKROB™** because of his extensive knowledge and experience in the field of trademarks and brand enforcement.

34.    Plaintiff has been using the **TRADEMARKROB®** name since 2004 and on April 11, 2006, Plaintiff created the email account trademarkrob@gmail.com in which he still utilizes until the present day.

35.    On October 6, 2009, Plaintiff was issued United States Trademark Registration No. 3,692,395 for the mark **TRADEMARKROB®**. Plaintiff is also the owner of United States Trademark Registration No. 6,107,758 issued on July 21, 2020, for the mark **TRADEMARKROB®** for "**Business management and consultation; Brand development and evaluation services in the field of trademarks, trade names, domain names and brand enforcement.**"

36.    Plaintiff is the owner of the website www.trademarkrob.com and Plaintiff is the owner of the Instagram accounts **@trademarkrobnyc** and **@rglconsultinggroup**, all online platforms that provide information and news on brand ownership, brand enforcement through the commencement of litigation and other similar business and intellectual property topics.

37.    Plaintiff has been featured and written about in **HIP-HOP WEEKLY®** as a "trademark expert" and Plaintiff has also advertised his brand protection and brand enforcement consultation services in **HIP-HOP WEEKLY®** magazine, a nationally published magazine, created by the founders of **THE SOURCE MAGAZINE®**, one of the most recognized publications to cover musical entertainment and hip-hop culture.

**Plaintiff's 2010 feature and write-up in HIP-HOP WEEKLY®**



38.     Plaintiff has also authored various articles titled "**Protecting Your Investment in Trademarks, Service Marks and Business Names…**" and "**A Guide to Forming an Entertainment Company, & Protecting Your Intellectual Business Assets…**" in multiple nationally published magazines including but not limited to **DON DIVA MAGAZINE®** and **FEDS MAGAZINE™**.

Plaintiff's nationally published article
in **FEDS MAGAZINE™**



Plaintiff's nationally published article
in **DON DIVA MAGAZINE®**



12

39.    Plaintiff has established a reputation of being an individual, business owner and consultant that has extensive knowledge and experience in the areas of trademark and copyright registration, building an intellectual property portfolio, and brand enforcement through the commencement of litigation.

40.    Plaintiff has established a strong reputation of being a small independent business owner that has enforced his intellectual property rights against a long list of corporate giants in various David v. Goliath legal battles involving intellectual property infringements of Plaintiff's trademarks and other IP properties as Plaintiff has commenced trademark and copyright infringement actions against some of the largest companies in the United States and Plaintiff has been written about in various media outlets including but not limited to **TMZ®**, **VANITY FAIR®**, **GOTHAMIST®**, **NBC NEWS®**, **NEW YORK POST®**, **BLOOMBERG NEWS®**, **RACKED®**, **BEDFORD + BOWERY™**, **IP QUEEN®**, **REUTERS®**, and **SNEAKER LAW FIRM™** just to name a few.

**TMZ® Article written about Plaintiff lawsuit against PUMA®**



13

**SNEAKER LAW FIRM™ Social Media Post regarding Plaintiff's legal dispute with NIKE® Over the Jordan 1 Silhouette trademark registration.**







41.    Plaintiff, in the beginning of the year 2020, in anticipation of the marijuana market becoming legal in New York State, began developing, managing, and operating a multi-goods and services related business under the marks **NEW YORK CANNABIS™**, **NYC CANNABIS™**, **NYC NEW YORK CANNABIS™** and Plaintiff also used several other similar variations of the aforementioned marks to promote his business and to promote the various products and services that Plaintiff was offering under his collection of **NEW YORK CANNABIS™** marks as shown above and depicted in the images below:

**Plaintiff's Flagship NYC NEW YORK CANNABIS™ Store Front**





14

**Plaintiff's Clothing Hangtags
& Promotional Stickers**



**Plaintiff's Products Design Layout**



42.    Plaintiff's flagship **NYC NEW YORK CANNABIS™** stores and businesses were located at 40 Clinton Street, New York, New York 10002 from January of 2020 until January 2024, and Plaintiff occupied and conducted business activities at both the North and South Stores at 40 Clinton Street as shown in the images below:

**Both sides of Plaintiff's Flagship Stores**



**Plaintiff's Delivery Vehicle**



43.    Plaintiff Robert G. Lopez has used in commerce the **NYC NEW YORK CANNABIS™** mark shown in the images above and below in the offering of clothing goods, retail store services, online retail store services via the website www.nyc-cannabis537.nyc, and via Plaintiff's Instagram account @nyc.cannabis.537, Plaintiff has also used his stylized mark in connection with events and workshops regarding business formation and brand protection, in

connection with consultation and business management services, in connection with intellectual property licensing services and in connection with providing information and news on legal developments, business licensure, and cannabis dispensary locations, etc.

**Plaintiff's Clothing Products**



**Plaintiff's Promotional Banner**



**Plaintiff's Business Workshop Flyer**



**Plaintiff's Workshop/Conference Center**



44.     Coming from an intellectual property background, while building his **NYC NEW YORK CANNABIS™** business, Plaintiff promptly sought intellectual property protection for his logos, business name, product images, artwork, designs, promotional and product packaging materials, etc. and in or about October of 2020, Plaintiff began filing a series of multiple Federal and State trademark applications in various classes of goods/services for the stylized **NYC NEW**

16

YORK CANNABIS™ mark shown above and Plaintiff similarly filed various copyright applications of photographs that depicted and/or incorporated an image of the **NYC NEW YORK CANNABIS™** stylized design shown below.

**Plaintiff's Copyright & Trademarked Logo**



45.     Shortly after Plaintiff introduced his stylized **NYC NEW YORK CANNABIS™** mark into the marketplace, the brand gained overnight popularity and there were lines of customers wrapped around the corner of Plaintiff's **NYC NEW YORK CANNABIS™** flagship store to purchase Plaintiff's products and to attend various events that Plaintiff's was hosting at his store location.

**Line of customers spanning around the corner of Plaintiff's Flagship**
**NYC NEW YORK CANNABIS™ Store on Clinton Street in Lower Manhattan**

 

17

46.     Plaintiff's products, flagship store location, and stylized **NYC NEW YORK CANNABIS™** logo were heavily promoted on various social media platforms, including but not limited to Facebook® and Instagram®, by various third parties and Plaintiff was the first retail business in New York State to offer a promotional free giveaway of cannabis with the purchase of Plaintiff's clothing products.

47.     Defendant Only NY's flagship clothing store is located at 176 Stanton Street between Clinton Street and Attorney Street, approximately 100 feet away from where Plaintiff's **NYC NEW YORK CANNABIS™** flagship store was located at 40 Clinton Street and Plaintiff's **LES Clothing Co.™** flagship store at 43 Clinton Street in Lower Manhattan.

48.     On **June 6, 2017**, Plaintiff commenced a trademark infringement action against Defendant Only NY Store LLC in the case ***Robert G. Lopez v. Only NY Store LLC*** 17CV4257 in the United States District Court for the Southern District of New York.  The earlier case involved Defendant Only NY Store LLC's use and infringement of Plaintiff's previously owned trademarks **LOWER EAST SIDE™** and **LES NYC®** in connection with clothing goods.  (**See Exhibit A**).

49.     In reaching a resolution and settlement in the earlier trademark case Plaintiff filed against Defendant Only NY, Defendant Only NY was prevented from selling any further clothing products bearing Plaintiff's then **LOWER EAST SIDE™** and **LES NYC®** trademarks.

50.     Defendants Only NY always maintained some level of animosity and hatred towards Plaintiff for Plaintiff shutting them down from selling any clothing items bearing the **LOWER EAST SIDE™** and **LES NYC®** marks.

51.     Defendants Only NY are licensees of Defendants City of New York and NYCTC and Defendants Only NY produce clothing items bearing several marks owned by the City of New York including its **NYC** mark that is an acronym that refers to **NEW YORK CITY**.

52.     Defendants Only NY were able to witness firsthand, Plaintiff's immediate success of his **NYC NEW YORK CANNABIS™** brand and business as Defendants witnessed lines of

18

customers spanning around the corner of Plaintiff's flagship store as shown in the images above of customers waiting on a line to purchase items at Plaintiff's store. Plaintiff reminds this Court that Defendants Only NY's flagship store is located approximately 100 feet from Plaintiff's flagship store.

53.    Growing jealous of Plaintiff's immediate success of his **NYC NEW YORK CANNABIS™** brand and business, in or about December of 2020, Defendants Only NY in a vindictive and retaliatory move against Plaintiff, contacted Defendants City of New York and NYCTC to report Plaintiff's use of his **NYC NEW YORK CANNABIS™** logo design in a spiteful attempt at interfering with Plaintiff's business operations and use of Plaintiff's **NYC NEW YORK CANNABIS™** marks and properties that Plaintiff had established use and ownership rights in.

54.    On or about **December 7, 2020**, Plaintiff received a call on his cell phone from Defendant Gerald E. Singleton, Esq., Assistant Corporation Counsel for the City of New York, and Mr. Singleton identified himself and his position as an intellectual property attorney for the City of New York.  During our telephone discussion, Defendant Gerald E. Singleton, Esq. alleged that my **NYC NEW YORK CANNABIS™** Logo was a "**counterfeit**" representation of the City of New York's trademarks.  I disagreed with Mr. Singleton's allegations of my mark being a counterfeit and I informed Mr. Singleton of my knowledge and history in trademarks and copyrights and informed him that the City of New York's position on my mark being a counterfeit mark was misplaced and not accurate.

55.    When we concluded our December 7, 2020, telephone call, I was under the impression that my explanation to Defendant Gerald E. Singleton, Esq., resolved the City of New York's concerns and that at that point, it was a dead and resolved issue.

56.    I never heard anything further from Defendants City of New York or Gerald E. Singleton, Esq., after the December 7, 2020, phone call and I resumed my business activities and use of my **NYC NEW YORK CANNABIS™** Logo without any issue or objection.

57.    On **December 25, 2020**, Plaintiff posted on his **@nyc.cannabis.537** Instagram account, a photo and post that Plaintiff had just received his New York State Trademark Registration Certificate for the **NYC NEW YORK CANNABIS™** logo and Plaintiff stated the following in his Instagram post:

> **"…that #NewYorkState #Trademark Registration Certificate ™ ® just arrived for that "NYC NEW YORK CANNABIS™" logo - - short term victory in our overall goal and objective of building a strong #IntellectualProperty portfolio but #WeActive - - #Progression - - might make it sound small but it's actually a big deal…the government and the State of #NewYork just declared us to be the #exclusive #Owner of this property which immediately opened the door for #Licensing opportunities and aggressive enforcement actions against any unauthorized users of our "NYC" Logo property…"** (See Exhibit B).

58.    Despite Defendants City of New York and Gerald E. Singleton, Esq., having access to Plaintiff's posts made and published on Plaintiff's Instagram account and with the Defendants being privy to information of Plaintiff having received the trademark registration certificate referenced above, Defendants Gerald E. Singleton, Esq., City of New York and/or NYCTC never attempted to contact Plaintiff or send Plaintiff any formal written cease-and-desist notice. Instead, Defendants Gerald E. Singleton, Esq., City of New York and NYCTC sat back idly and allowed Plaintiff to continue to build his business, his **NYC NEW YORK CANNABIS™** brand and even secure additional intellectual property rights in Plaintiff's **NYC NEW YORK CANNABIS™©** properties, all while Plaintiff was under the impression that he resolved the issue of the City of New York initially alleging that Plaintiff's **NYC NEW YORK CANNABIS™** logo was an alleged counterfeit.

59.    During the months January through August of 2021, Plaintiff did not hear anything or receive any notices from Defendants City of New York, Gerald E. Singleton, Esq., or NYCTC and Plaintiff continued to build his business and **NYC NEW YORK CANNABIS™** brand at a rapid pace, as Defendants City of New York, Gerald E. Singleton, Esq. and NYCTC watched and sat back idly doing absolutely nothing while Plaintiff continued to expend time, resources and finances in building his **NYC NEW YORK CANNABIS™** brand and business.

20

60. In February of 2021, with Plaintiff believing that his ownership rights in his **NYC NEW YORK CANNABIS™** properties where valid and intact, Plaintiff began offering licensing opportunities to third parties and businesses to license Plaintiff's **NYC NEW YORK CANNABIS™** Logo mark and other **NYC NEW YORK CANNABIS™©** properties.

61. In April of 2021, Plaintiff signed his first licensing agreement to license the **NYC NEW YORK CANNABIS™** mark to Rocco E. Giordano who owned several retail clothing stores in New York, New Jersey, and Connecticut.

62. In addition to Plaintiff selling clothing and other items at his New York flagship store location and online via his website www.nyc-cannabis537.nyc website, Plaintiff's **NYC NEW YORK CANNABIS™** logo, via the licensing agreement with Mr. Giordano, was offered on clothing and other products at the Rieval® stores at the Newport Center Mall in New Jersey and the Sono Collection Mall in Connecticut.

63. Throughout the months of January through September of 2021, Plaintiff's **NYC NEW YORK CANNABIS™** stylized logo brand and business continued to gain popularity in the marketplace and Plaintiff was generating high six figure sales of his **NYC NEW YORK CANNABIS™** products and services.

64. Defendants Only NY, City of New York and NYCTC continued to watch Plaintiff's business and **NYC NEW YORK CANNABIS™** brand grow in popularity and success in a short period of time and Defendants Only NY, City of New York and NYCTC devised a scheme and plan and knowingly agreed to interfere with Plaintiff's business to prevent Plaintiff from using his registered trademarks by filing a lawsuit against Plaintiff falsely alleging that Plaintiff's **NYC NEW YORK CANNABIS™** mark was a counterfeit mark of Defendant City of New York's marks.

65. In Furtherance of Defendants Only NY, City of New York and NYCTC's plan and scheme to interfere with Plaintiff's business and Plaintiff's use of his currently legally valid and existing trademark registrations for the **NYC NEW YORK CANNABIS™** mark, on **September**

**21, 2021**, Defendants City of New York, Gerald E. Singleton, Esq., and Georgia M. Pestana, Esq. filed a complaint against Plaintiff in the United States District Court for the Southern District of New York falsely claiming trademark counterfeiting and other similar claims over Plaintiff's use of his registered **NYC NEW YORK CANNABIS™** trademarks in the case currently pending in this Court titled *City of New York v. Robert G. Lopez* **21CV7862**.

66.     On **September 28, 2021**, in furtherance of Defendants Only NY, City of New York and NYCTC's plan and scheme to interfere with Plaintiff's business and enforcement of his registered **NYC NEW YORK CANNABIS™** trademarks, Defendants City of New York, Gerald E. Singleton, Esq., and Georgia M. Pestana, Esq., filed a motion and Intervenor Complaint in Plaintiff's action still pending before this Court titled *Robert G. Lopez v. Cookies SF, LLC et al.* **21CV50002**.

67.     On **October 4, 2020**, in furtherance of Defendants Only NY, City of New York and NYCTC's plan and scheme to interfere with Plaintiff's business and his ability to use his registered trademarks, Defendants City of New York, Gerald E. Singleton, Esq., and Georgia M. Pestana, Esq., filed a motion for a preliminary injunction in the case *City of New York v. Robert G. Lopez* **21CV7862**.

68.     Defendants Only NY, City of New York, NYCTC, Gerald E. Singleton, Esq., and Georgia M. Pestana, Esq., all had knowledge of Defendants Only NY, City of New York and NYCTC's plan and scheme to deprive Plaintiff of the right to use his registered stylized **NYC NEW YORK CANNABIS™** trademarks and all the aforementioned Defendants had an intent to prevent Plaintiff from using his registered **NYC NEW YORK CANNABIS™** mark in connection with goods and services.

69.     The filing of the trademark counterfeiting action by Defendant City of New York against Plaintiff and his **NYC NEW YORK CANNABIS™** mark immediately garnered unsolicited national media attention from various media sources and Plaintiff's name and brand were featured and spoken about all over the worldwide internet.

70.     After Defendant City of New York commenced its trademark counterfeiting action against Plaintiff in September of 2021, Plaintiff continued to build his business and brand and continued selling products and services under his **NYC NEW YORK CANNABIS™** registered trademarks.

71.     In September of 2021, Plaintiff was approached by Elis Pacheco, Founder and Managing Director of Digital Launch and business manager of actor and recording artist Tracy Marrow p/k/a **ICE-T®** of the hit television series **LAW & ORDER SPECIAL VICTIMS UNIT®**, regarding Plaintiff **NYC NEW YORK CANNABIS™** business and intellectual property portfolio and Elis and **ICE-T®** proposed a partnership with Plaintiff involving Plaintiff's **NYC NEW YORK CANNABIS™** flagship store and stylized trademarks and other intellectual property of the **NYC NEW YORK CANNABIS™** stylized mark.

72.     **ICE-T®** and Elis Pacheco were interested in a partnership with Plaintiff regarding Plaintiff's **NYC NEW YORK CANNABIS™** flagship store and **NYC NEW YORK CANNABIS™** trademarks and on October 26, 2021, Elis Pacheco sent Plaintiff an email and draft partnership agreement that set forth the initial terms and framework of a proposed partnership involving Plaintiff's **NYC NEW YORK CANNABIS™** marks and flagship store.  (**See Exhibit C**).

73.     Plaintiff's negotiations with **ICE-T®** and Ellis Pacheco on the final terms of the partnership agreement involving Plaintiff's stylized **NYC NEW YORK CANNABIS™** trademarks and flagship store were ongoing through the months of November and December of 2021.

74.     On **December 14, 2021**, Plaintiff had a telephonic hearing on the motion for a preliminary injunction with this Court and Defendant City of New York in the case *City of New York v. Robert G. Lopez* 21CV7862 and it was noted by Judge Oetken that Plaintiff's **NYC NEW YORK CANNABIS™** marks didn't appear to be a counterfeit mark of the City of New York's marks and, in a letter, submitted to this Court by the City of New York shortly thereafter, Defendant Gerald E. Singleton, Esq. acknowledged and conceded that whether Plaintiff's **NYC**

**NEW YORK CANNABIS™** marks are counterfeit marks was a close call indicating that such counterfeit claim was lacking in factual merit and was perhaps a weak claim.

75.    On **December 21, 2021**, the Honorable J. Paul Oetken issued a preliminary injunction in *City of New York v. Robert G. Lopez* **21CV7862** enjoining Plaintiff from using his stylized **NYC NEW YORK CANNABIS™** marks in connection with the offering of products and services.  The injunction was not issued because Plaintiff's marks were counterfeit marks of The City of New York's marks as they falsely alleged, but rather because Judge Oetken found that Defendant City of New York plead a sufficient case of trademark infringement and other similar claims, but not because Plaintiff's marks were deemed to be counterfeit.

76.    Plaintiff filed a Notice of Appeal against the preliminary injunction order, but Plaintiff's appeal was ultimately dismissed for Plaintiff not filing a timely Appellate Brief.  Despite Plaintiff's experience in previous litigation matters, Plaintiff does not have knowledge or experience in drafting and filing appellate briefs and as a result of the same, Plaintiff's appeal of the preliminary injunction order was dismissed.

77.    Upon the issuance of the **December 21, 2021**, preliminary injunction, Plaintiff immediately created several additional **NEW YORK CANNABIS™** designs and/or logos including but not limited to the logo designs as shown in the images below.  The preliminary injunction only extended to Plaintiff's stylized **NYC NEW YORK CANNABIS™** logo shown above but did not extend to other versions of Plaintiff's **NEW YORK CANNABIS™** family of marks.

**Plaintiff's NEW YORK CANNABIS™ Logos incorporated and used by Plaintiff after the issuance of the December 21, 2021, preliminary injunction.**

 

78.    Shortly after hearing the news and learning about the preliminary injunction from various media sources, **ICE-T®** and Elis Pacheco backed out of the partnership negotiations with Plaintiff in December of 2021 and informed Plaintiff that the preliminary injunction posed a risk for any investment that they were willing to make into Plaintiff's stylized **NYC NEW YORK CANNABIS™** brand and flagship store imprint which caused significant damage to Plaintiff in the form of lost revenue in the millions of dollars.

79.    With **ICE-T®** and Elis Pacheco's celebrity status and in view of their reach, relationships in entertainment, film and business industries, coupled with Plaintiff's history and resources in the business marketplace, and Plaintiff's knowledge of intellectual property and licensing, our partnership consisting of developing franchise stores under the **NYC NEW YORK CANNABIS™** stylized registered trademarks owned by Plaintiff would have generated approximately a hundred million dollars $100,000,000.00 dollars in licensing, franchise and product/service sales generated from December of 2021 through the present.

80.    Plaintiff uses his **NEW YORK CANNABIS™** and related marks in interstate commerce in connection with clothing, online and brick and mortar retail store services, for business management and consulting services, for entertainment, art, clothing and cannabis events, etc. and Plaintiff also used his stylized **NYC NEW YORK CANNABIS™** marks that are the subject of the preliminary injunction on all of the products and services referenced above and on additional goods and services, including, but not limited to print flyers, photographs, informational one sheets, event flyers, invoices, product menus, product disclaimers, promotional products, vinyl stickers, posters, art canvasses, vehicle magnets, store signage, product packaging, clothing hangtags, t-shirts, caps, on Plaintiff's website www.nyc-cannabis537.nyc, at Plaintiff's flagship **NYC NEW YORK CANNABIS™** store and via Plaintiff's licensees of the stylized **NYC NEW YORK CANNABIS™** mark.

81.    Plaintiff's success and popularity in his **NEW YORK CANNABIS™** brands came from the popularity he established in using the stylized version of his **NYC NEW YORK CANNABIS™** mark that is the subject of the injunction, because Plaintiff's creation of the

aforementioned logo design was distinctive and visually appealing to consumers of various products and services and because Plaintiff's stylized mark was created and comprised of separate elements both visual and literal elements grouped together including an image of a marijuana leaf in close proximity to the letters **NYC™** and the words **NEW YORK CANNABIS™** to form Plaintiff's independently created and stylized **NYC NEW YORK CANNABIS™** logo.

82.    When Plaintiff was forced to discontinue using his stylized **NYC NEW YORK CANNABIS™** mark in view of the preliminary injunction filed by Defendants City of New York, Gerald E. Singleton, Esq., and Georgia M. Pestana, Esq., the popularity of Plaintiff business and brand decreased and Plaintiff lost various streams of revenue, business deals, product and service sales and licensing revenue and Plaintiff also suffered the loss of potential additional and new business relationships involving Plaintiff's stylized **NYC NEW YORK CANNABIS™** mark.

83.    Plaintiff is the owner of United States Copyright Registration No. VA0002244021 for the work titled "**NYC NEW YORK CANNABIS Banner Photo**," which photo incorporates an image of Plaintiff's **NYC NEW YORK CANNABIS™©** logo design.

84.    Plaintiff is the owner of United States Copyright Registration No. VA0002276758 for the work titled "**NYC NEW YORK CANNABIS Flagship Store Photo**," which photo incorporates an image of Plaintiff's **NYC NEW YORK CANNABIS™©** logo design.

85.    Plaintiff is the owner of United States Copyright Registration No. VA0002244019 for the work titled "**NYC NEW YORK CANNABIS Snapback Photo**," which photo incorporates an image of Plaintiff's **NYC NEW YORK CANNABIS™©** logo design.

86.    Plaintiff is the owner of United States Copyright Registration No. VA0002244030 for the work titled "**NYC NEW YORK CANNABIS Mylar Bags Photo**," which photo incorporates an image of Plaintiff's **NYC NEW YORK CANNABIS™©** logo design.

87.     Plaintiff is the owner of United States Copyright Registration No. VA0002276767 for the work titled "**NYC NEW YORK CANNABIS Delivery Vehicle Photo,**" which photo incorporates an image of Plaintiff's **NYC NEW YORK CANNABIS™©** logo design.

88.     Plaintiff is the owner of United States Copyright Registration No. TX0008971713 for the work titled "**NYC NEW YORK CANNABIS Promotional Giveaway Flyer,**" which flyer work deposit incorporates an image of Plaintiff's **NYC NEW YORK CANNABIS™©** logo design.

89.     Plaintiff is the owner of United States Copyright Registration No. TX0008971737 for the work titled "**NYC NEW YORK CANNABIS Promotional Giveaway Disclaimer,**" which disclaimer work deposit incorporates an image of Plaintiff's **NYC NEW YORK CANNABIS™©** logo design.

90.     Plaintiff is the owner of United States Copyright Registration No. VA0002276766 for the work titled "**NYC NEW YORK CANNABIS Liberty T-Shirt Photo,**" which photo incorporates an image of Plaintiff's **NYC NEW YORK CANNABIS™©** logo design.

91.     Plaintiff obtained all the above copyright registrations in 2020 and 2021. Plaintiff is attaching a copy of the copyright registrations as **Exhibit D** hereto.

92.     Plaintiff is the registered owner of New York State Trademark Registration No. R33743 for the mark **NYC NEW YORK CANNABIS™**.

93.     Plaintiff is the registered owner of New York State Service Mark Registration No. S25230 for the mark **NYC NEW YORK CANNABIS™**.

94.     Plaintiff is the registered owner of New York State Service Mark Registration No. S25231 for the mark **NYC NEW YORK CANNABIS™**.

27

95.    Plaintiff is the owner of United States Trademark Serial Application No. 90/320,532 for the mark **NYC NEW YORK CANNABIS™**.

96.    Plaintiff is the owner of United States Trademark Serial Application No. 90/731,901 for the mark **NYC NEW YORK CANNABIS™**.

97.    Plaintiff is the owner of United States Trademark Serial Application No. 90/736,151 for the mark **NYC NEW YORK CANNABIS™**.

98.    Plaintiff is the owner of United States Trademark Serial Application No. 90/745,372 for the mark **NYC NEW YORK CANNABIS™**.

99.    Plaintiff is attaching a copy of his trademark registrations and applications referenced above as **Exhibit E** hereto.

100.    As evidenced from the various copyright and trademark registrations and filings owned by Plaintiff as referenced above, Plaintiff spent a significant amount of time, effort, and money in securing an intellectual property portfolio for his stylized **NYC NEW YORK CANNABIS™** mark and other IP properties.

101.    The frivolous, false and unlawful trademark counterfeit action that Defendants City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., and Murieel Goode-Trufant, Esq., filed against Plaintiff in the case *City of New York v. Robert G. Lopez* **21CV7862** is approaching the three (3) year anniversary on **September 21, 2024**, and the case has not even entered the discovery stage of the litigation yet, meanwhile in the interim of the case moving forward towards a trial or other form of disposition, Plaintiff has been interrupted in his business activities and prevented from using and enforcing his legally valid and existing trademark registrations and other IP properties incorporating Plaintiff's stylized **NYC NEW YORK CANNABIS™** logo design and such deprivation of Plaintiff's rights to use and enforce his registered and legally valid and existing intellectual property has caused significant financial harm and damage to Plaintiff estimated in the hundred million dollar $100,000,000.00 range.

28

102.    Defendants City of New York, Gerald E. Singleton, Esq., and Georgia M. Pestana, Esq., have failed to properly and further prosecute the case they initiated against Plaintiff in **21CV7862** and the last action in the aforementioned case commenced by Defendants City of New York, Gerald E. Singleton, Esq., and Georgia M. Pestana, Esq., against Plaintiff was on **October 19, 2023**, wherein Judge J. Paul Oetken referred the case to the Honorable Ona T. Wang, United States Magistrate Judge and in such order of reference, Judge Oetken noted "***The parties have not yet commenced discovery and require a schedule for fact discovery followed by a schedule for summary judgement motions. A settlement conference should also be scheduled at an appropriate time.***" (**See Exhibit F**).

103.    Since the issuance of Judge Oetken's October 19, 2023, order of reference, absolutely no action has taken place in the case **21CV7862** and to date, Defendant's City of New York, Gerlad E. Singleton, Esq., and Georgia M. Pestana, Esq., have failed to write to the Court to request a status conference to move the case forward towards a schedule for discovery, summary judgment motions and/or a settlement conference and as a result of the same, the aforementioned Defendants have failed to further prosecute their earlier filed case while leaving Plaintiff's business properties, business dealings and business revenue hanging in the balance.

104.    On August 21, 2023, Defendants City of New York, Gerlad E. Singleton, Esq., and NYCTC filed a Notice of Opposition in the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO") against Plaintiff's stylized **NYC NEW YORK CANNABIS™** trademark application No. 90/745,372 that was approved for registration by the USPTO on the Principal Register on **June 13, 2023**. (**See Exhibit G**).

105.    The above referenced opposition proceeding before the TTAB is currently suspended pending the disposition in the civil action in the case **City of New York v. Robert G. Lopez 21CV7862** and Defendant City of New York in early 2024 lost its motion for a default judgment in the opposition proceedings and in May of 2024 Defendant City of New York also lost its request for reconsideration of the TTAB's Order.

106.    Instead of writing to the Court to request a status conference as a follow-up to Judge Oetken's October 19, 2023, Order of Reference in the **21CV7862** case, Defendants City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix, in furtherance of Defendants Only NY, City of New York and NYCTC's plan and scheme to intentionally deprive Plaintiff the right to use and enforce his registered stylized **NYC NEW YORK CANNABIS™** trademarks and other IP properties, did file on **May 13, 2024** a Notice of Motion to Intervene with an accompanying declaration of Gerald E. Singleton and an accompanying memorandum of law and exhibits in Plaintiff's case *Robert G. Lopez v. Eventbrite, Inc. et al.* **24CV1544** that is still pending before this Court.

107.    In said May 13, 2024, Notice of Motion to Intervene and the accompanying Declaration of Gerald E. Singleton and memorandum of law and its exhibits, Defendants City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix did make false and defamatory statements about Plaintiff, namely ¶ 3 of the Preliminary Statement of Defendants memorandum of law negligently and falsely states "**Lopez uses trademark and copyright litigation to extort nuisance settlements for himself and his "clients" based on meritless claims,**" and also negligently and falsely made a defamatory statement against Plaintiff by stating "**He burdens the Court and innocent parties with frivolous claims and his misuse of the judicial system constitutes a public nuisance.**"   Defendants City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix knowingly, negligently, and maliciously made additional false and defamatory statements in said May 13, 2024 memorandum of law by falsely stating the following in ¶5 "**…Lopez is brazenly practicing law without a license, which is a Class E felony under NYS Education Law § 6512, and/or a misdemeanor under Judiciary Law §§ 478, 484; 485 and 485-a.**"   Defendants false and defamatory statements made about Plaintiff were directed at and against Plaintiff and Defendants City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix also referenced Plaintiff's business and professional name "TradeMarkRob" and made false statements that referenced Plaintiff's intellectual property consultant business website www.tradmarkrob.com.

108.    ¶¶'s 15 and 17 of the May 13, 2024, Declaration of Gerald E. Singleton also repeats the same above referenced defamatory statements against Plaintiff that are false. (**See Exhibit H**).

30

109.    The above referenced defamatory statements made against Plaintiff by Defendants City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix are false and have caused damage to Plaintiff's personal and professional reputation as an individual, business owner and consultant in the field of intellectual property who is extremely knowledgeable in the area and field of trademark and copyright registration and brand enforcement through the commencement of litigation.

110.    Plaintiff has never commenced an action for the purpose of unlawfully extorting a nuisance settlement payment for either himself or on behalf on any other party.  Every case I have ever commenced has been for a violation of a legally valid trademark and/or copyright owned by Plaintiff and issued to Plaintiff from either a Federal or State governmental agency.  No Court, jury, memorandum and opinion or order has ever been issued, ruled or stated that Plaintiff's trademark and copyright actions were for the purpose of extorting payments from innocent parties with frivolous claims or that Plaintiff's previously filed cases has been a nuisance to the judicial system and such statements made by Defendants City of New York, Gerald E. Singleton, Esq., were made negligently and maliciously to harm Plaintiff's reputation and to portray a false image to this Court and any other third parties that may be following Plaintiff's litigation pursuits in enforcing his brand and other intellectual property.

111.    Regarding Defendants false statement of Plaintiff brazenly practicing law without a license, such statement is also false as Plaintiff has never filed a case in Federal or State Court on behalf of any third party other than himself and any case that Plaintiff has ever filed has been regarding a violation and infringement of a trademark or copyright that was owned by Plaintiff.

112.    Plaintiff does not hold himself out to be an attorney in the public and any business owners or entrepreneurs that Plaintiff consults on trademark and copyright registration and litigations matters are all aware that Plaintiff is not an attorney, but instead a small business owner that has aggressively enforced his own intellectual property rights against major corporations.

113. Plaintiff does not represent any clients in any court proceedings or court filings, so Defendants City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix defamatory statement are entirely false and were made negligently, maliciously and with reckless disregard for the truth as Defendants did not properly or thoroughly research or conduct due diligence to determine the truthfulness of their false statements..

114. Defendants City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix's false and defamatory statements create the false impression to this Court, to the public at large, to Plaintiff's business consultant clients and to independent business owner's that follow Plaintiff's litigation pursuits against major corporations, the image and impression that Plaintiff's lawsuits are a scam and a form of extortion and/or that Plaintiff's consultation and business services are somehow unlawful as Defendants alleged that Plaintiff extorts settlement payments and engages in felony and misdemeanor crimes involving practicing law without a license and such statements are false and have caused harm to Plaintiff business and personal reputation and has caused financial harm to Plaintiff as Plaintiff's intellectual property consultant clients now think that Plaintiff's consultation services in the field of trademarks, copyrights and intellectual property litigation are fraudulent, a scam or crime of some sort.

115. Plaintiff has been building his business and providing services for over twenty-years as an intellectual property and litigation consultant and Defendants City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix's false statements have caused financial harm, embarrassment, stress, anxiety, depression, and public humiliation to the reputation that Plaintiff has worked hard to build over the past twenty (20) plus years.

116. Since filing their Motion to Intervene and Intervenor Complaint in May and June of 2024 in the case *Robert G. Lopez v. Eventbrite, Inc. et al.* **24CV1544**, Defendants City of New York, Gerald E. Singleton, Esq., and/or Georgia M. Pestana, Esq., have still not followed up in the prosecution of the case they commenced against Plaintiff on September 21, 2021, and to date Defendants City of New York, Gerald E. Singleton, Esq. and/or Georgia M. Pestana, Esq., have not written to the Court to request a status conference to move the initial case forward to a final disposition. As noted above, said case **21CV7862** has not even entered the discovery stage and

three years has passed since the filing of the case which has caused significant financial harm and loss of business to Plaintiff.

117.    All the Defendants actions complained of herein were deliberate, willful, and intentional and for the purpose of infringing Plaintiff's copyrights and intentionally engaging in a civil conspiracy to plan and execute a scheme to knowingly interfere with Plaintiff's business activities and operations and to unlawfully deprive Plaintiff the right and ability to use and/or enforce his **NYC NEW YORK CANNABIS™** marks and other related intellectual property rights.

118.    On **June 24, 2024**, Plaintiff filed a "Notice of Claim" with the Office of The Comptroller City of New York against Defendants City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix regarding Plaintiff's defamation claim. **(See Exhibit I)**.

119.    On **July 3, 2024**, Plaintiff filed a "Notice of Claim" with the Office of The Comptroller City of New York against Defendants City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., and Muriel Goode-Trufant, Esq. regarding Plaintiff's civil conspiracy, tortious interference with business and conversion claims. **(See Exhibit J)**.

120.    On **September 19, 2024**, Plaintiff filed a "Notice of Claim" with the Office of The Comptroller City of New York against Defendants City of New York regarding Plaintiff's copyright infringement claim. **(See Exhibit K)**.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
**(against Defendants Only NY, NYCTC and City of New York)**

121.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 120 of this Complaint.

122.    Plaintiff is the creator, author, and owner of all rights of copyright in the **NYC NEW YORK CANNABIS™©** logo design and photographs shown above.

33

123.    Plaintiff acquired its rights to the stylized **NYC NEW YORK CANNABIS™©** logo design and photographs in 2020.

124.    Defendants Only NY, NYCTC and City of New York, without authorization from Plaintiff as the owner of all rights of copyright in the **NYC NEW YORK CANNABIS™©** logo design and photographs shown and referenced above, and in violation of 17 U.S.C. §§101 et seq., have intentionally and willfully copied, distributed, and publicly displayed and sold and/or offered for sale, clothing items and photographic images and posted and/or published images that are identical or in the least, substantially similar to Plaintiff's copyrighted **NYC NEW YORK CANNABIS™©** logo design and copyrighted photographs on their website and on Defendant Only NY's store front window signage.

125.    Defendants Only NY, NYCTC and City of New York's actions constitute copyright infringement and have caused and will continue to cause Plaintiff irreparable harm and injury unless enjoined by this Court.

126.    By reason of Defendants Only NY, NYCTC and City of New York's infringement of Plaintiff's copyrights in his **NYC NEW YORK CANNABIS™©** logo design and photographs, Defendants Only NY, NYCTC and City of New York have derived revenue and profits attributable to said infringement, the amount of which has yet to be ascertained.

127.    Defendants Eventbrite and Meta Platforms infringement of Plaintiff's copyright in the **NYC NEW YORK CANNABIS** design was committed "willfully" as that term is used in 17 U.S.C. §504(c)(2).  At all times mentioned herein, and upon information and belief, Defendants Only NY, NYCTC and City of New York were aware of, and had reason to believe, that its acts constituted infringement of Plaintiff's copyrights in the **NYC NEW YORK CANNABIS™©** logo photo and Plaintiff's **NYC NEW YORK CANNABIS™©** Snapback Photo and Store Front Photo copyrights as referenced above.

## SECOND CAUSE OF ACTION

### UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)
(against Defendants Only NY)

128.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 127 of this Complaint.

129.   Plaintiff has the exclusive right to market, brand and provide clothing related goods using the stylized **NYC NEW YORK CANNABIS™©** Logo marks.

130.   Defendants Only NY by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendants' activities already have confused the public into believing that defendants' and Plaintiff's clothing goods come from one and the same source, and Defendants Only NY's continued activities are likely to create further confusion and deceive the public concerning the source of the goods under Plaintiff's marks described above.

131.   Defendants Only NY, NYCTC and City of New York have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

132.   By reason of Defendants Only NY's willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION

### COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION
(against Defendants Only NY)

133.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 132 of this Complaint.

134.    Defendants Only NY's conduct constitutes deception by which Defendants Only NY's goods will be palmed off as those of Plaintiff's **NYC NEW YORK CANNABIS™** products.  Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

135.    Defendant's unauthorized use of Plaintiff's stylized **NYC NEW YORK CANNABIS™** marks is likely to cause confusion to the public as to the clothing goods of the respective parties.

136.    By reason of the foregoing, Defendants Only NY have infringed and continue to infringe on Plaintiff's common law rights in the **NYC NEW YORK CANNABIS™** marks and Defendants Only NY, NYCTC and City of New York have become unjustly enriched by such acts of infringement.

137.    Defendants Only NY's unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendants have reason to know of Plaintiff's rights in the **NYC NEW YORK CANNABIS™** marks.

**FOURTH CAUSE OF ACTION**

**CIVIL CONSPIRACY**
**(against Defendants Only NY, NYCTC and City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., Muriel Goode-Trugfant, Esq., and Hon. Sylvia O. Hinds-Radix)**

138.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 137 of this Complaint.

139.    Defendants Only NY, NYCTC, City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., Muriel Goode Trufant, Esq., and Hon. Sylvia O. Hinds-Radix acted in concert to accomplish the unlawful acts of interfering with Plaintiff's business and business relationships with Plaintiff's licensees and potential partners and to prevent and deprive Plaintiff the right and ability to use and enforce his **NYC NEW YORK CANNABIS™©** registered trademarks and copyrights referenced herein.

140.    Defendants Only NY, NYCTC, City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., Muriel Goode Trufant, Esq., and Hon. Sylvia O. Hinds-Radix coordinated actions were intended to harm Plaintiff's business, disrupt Plaintiff's business operations, and unlawfully profit from the use of Plaintiff's **NYC NEW YORK CANNABIS™©** intellectual property.

141.    As a direct and proximate result of Defendants' Only NY, NYCTC, City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., Muriel Goode Trufant, Esq., and Hon. Sylvia O. Hinds-Radix conspiracy, Plaintiff has suffered and continues to suffer damages, including but not limited to lost profits, lost licensing revenue, lost IP enforcement revenue and reputational harm to Plaintiff.

## FIFTH CAUSE OF ACTION

**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**
**(against Defendants Only NY, NYCTC and City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., Muriel Goode-Trugfant, Esq., and Hon. Sylvia O. Hinds-Radix)**

142.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 141 of this Complaint.

143.    Plaintiff had valid and existing licensing agreements involving his stylized **NYC NEW YORK CANNABIS™** mark and other **NYC NEW YORK CANNABIS™** IP properties and Plaintiff had valid and existing partnership proposals presented to him involving the sale and/or transfer of Plaintiff's **NYC NEW YORK CANNABIS™** marks and other IP properties and Plaintiff was actively sellings goods and services at his flagship retail **NYC NEW YORK CANNABIS™** store and via Plaintiff's website www.nyc-cannabis537.nyc.

144.    Defendants Only NY, NYCTC, City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., Muriel Goode Trufant, Esq., and Hon. Sylvia O. Hinds-Radix were aware of these business relationships and Plaintiff's sales of product and enforcement of his intellectual property and intentionally interfered with them by filing a false and frivolous

trademark counterfeit action requesting a preliminary injunction against Plaintiff and by filing multiple Motions and Intervenor Complaints in several cases Plaintiff had filed to protect his stylized **NYC NEW YORK CANNABIS™** marks and other IP properties which disrupted Plaintiff's business relationships and use of his registered **NYC NEW YORK CANNABIS™** trademark and copyright properties.

145.    Defendants Only NY, NYCTC, City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., Muriel Goode Trufant, Esq., and Hon. Sylvia O. Hinds-Radix interference was done without justification and with malicious intent to harm Plaintiff as Defendants sat back idly and watched Plaintiff build and secure an intellectual property portfolio for his stylized **NYC NEW YORK CANNABIS™** marks and copyrights and then when Plaintiff's business was growing and succeeding they then filed documents in Court with false and frivolous claims of Plaintiff's marks being counterfeit marks of Defendant City of New York's marks.

146.    As a result of Defendants' Only NY, NYCTC, City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., Muriel Goode Trufant, Esq., and Hon. Sylvia O. Hinds-Radix tortious interference, Plaintiff has suffered and sustained economic loss, and damages to his business and business reputation and lost profits in the range of $100,000,000.00.

**SIXTH CAUSE OF ACTION**

**CONVERSION**
**(against Defendants Only NY, NYCTC and City of New York, Gerald E. Singleton, Esq.,**
**Georgia M. Pestana, Esq., Muriel Goode-Trugfant, Esq., and Hon. Sylvia O. Hinds-Radix)**

147.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 146 of this Complaint.

148.    Plaintiff owns the exclusive rights to the stylized **NYC NEW YORK CANNABIS™** marks referenced herein and the **NYC NEW YORK CANNABIS™** copyrighted photographed referenced herein.

149.     Defendants Only NY wrongfully and intentionally exercised unauthorized control over Plaintiff's **NYC NEW YORK CANNABIS™** trademarks and associated goodwill by using a confusingly similar mark in commerce without Plaintiff's consent.  Defendants' NYCTC, City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., Muriel Goode Trufant, Esq., and Hon. Sylvia O. Hinds-Radix exercised unauthorized control over Plaintiff's **NYC NEW YORK CANNABIS™** marks and Plaintiff's **NYC NEW YORK CANNABIS™** copyrighted photographs by filing a frivolous action claiming trademark counterfeiting and obtained a preliminary injunction that enjoined Plaintiff from using his stylized **NYC NEW YORK CANNABIS™** marks and by filing various Motions to Intervene and Intervenor Complaints in multiple actions Plaintiff commenced to enforce his ownership in his trademarks and copyrights.

150.     Defendants Only NY's unauthorized use of Plaintiff's NYC NEW YORK CANNABIS™ marks and Defendants NYCTC, City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., Muriel Goode Trufant, Esq., and Hon. Sylvia O. Hinds-Radix filing of a frivolous lawsuit falsely claiming trademark counterfeiting, and the filing of a preliminary injunction and Intervenor Complaint to prevent Plaintiff the ability to use and enforce his registered intellectual property rights constitutes conversion of Plaintiff's **NYC NEW YORK CANNABIS™** trademarks and copyrights.

151.     As a result of Only NY, NYCTC, City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq., Muriel Goode Trufant, Esq., and Hon. Sylvia O. Hinds-Radix actions, Plaintiff has suffered extreme financial losses and ongoing harm to his business and reputation in the business marketplace.

## SEVENTH CAUSE OF ACTION

### DEFAMATION
**(against City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix)**

152.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 151 of this Complaint.

153.    Defendants City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix made false and defamatory statements regarding Plaintiff and his business, including but not limited to statements accusing Plaintiff of using trademark and copyright litigation to extort nuisance settlements from innocent parties and that Plaintiff enforcement actions are a nuisance and burden on the judicial system and that Plaintiff is or was engaged in practicing law without a license in violation of felony and misdemeanor criminal statues and that Plaintiff's registered **NYC NEW YORK CANNABIS™** trademarks were counterfeit marks of Defendant City of New York's marks.

154.    These statements were made to third parties, and such statements were filed with this Court in public documents that are available to the public, to Plaintiff's business consultant clients, to followers of Plaintiff's litigations pursuits, to Plaintiff's legal adversaries, to Court personnel and staff, etc. and such statements were intended to cause harm to Plaintiff's personal and business reputation and status.

155.    The defamatory statements were false, unprivileged, and made with knowledge of their falsity or reckless disregard for the truth.

156.    As a result of Defendants City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix's defamatory statements, Plaintiff has suffered damage to his personal, business, and professional reputation and suffered loss of business relationships, loss of intellectual property consulting clients and resulting financial loss from loss of business, and Plaintiff has also suffered embarrassment, public humiliation, stress, anxiety, etc. as a direct result and proximate result of Defendants defamatory statements.

157.    Defendants City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix's statements were intentional, were made with malice and Plaintiff is entitled to recover punitive damages in addition to compensatory damages

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.      Entry of an order and permanent injunction restraining Defendants Only NY from further unauthorized use of any variation of Plaintiff's NYC NEW YORK CANNABIS™ and an order and permanent injunction restraining Defendants City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix from making any additional and further defamatory statements about Plaintiff or Plaintiff's registered intellectual property or business and requiring the Defendants, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from enagaging in any of the unauthorized acts complained of herein.

2.      That Defendants Only NY, NYCTC and City of New York be required to account to Plaintiff for all profits derived by Defendants Only NY, NYCTC and City of New York for licensing commissions and/or royalties from clothing sales, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the copyright and trademark acts.

3.      That Plaintiff be awarded compensatory, punitive, and statutory damages in the amount of $100,000,000.00 for all the Defendants willful and malicious conduct.

4.      Prejudgment and post-judgment interest.

5.      That Plaintiff be awarded the cost and disbursements of this action.

6.      That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

41

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: September 19, 2024                      Respectfully submitted,
New York, NY                            Robert G. Lopez – Pro Se

Robert G. Lopez
Pro Se Plaintiff
230 Clinton Street – Apt. #11C
New York, New York 10002
(917) 868-1698
trademarkrob@gmail.com

42

# EXHIBIT A

JUDGE WOODS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ROBERT G. LOPEZ, an individual,    )
        Plaintiff,    )

**17 CV 4257**

        v.    )    Civil Action No.

ONLY NY STORE LLC    )    JURY TRIAL DEMANDED

        Defendant.    )

RECEIVED
JUN 06 2017
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Robert G. Lopez, alleges his complaint against Defendant, Only NY Store LLC, as follows:

## NATURE OF THE ACTION

1.    This action arises from Defendant's infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks, LOWER EAST SIDE™ and LES NYC®, in conjunction with clothing and related goods.  Despite Plaintiff being the registered owner of the trademark LOWER EAST SIDE™ and LES NYC® and offering various clothing items under such brand names, the Defendant has infringed Plaintiff's rights in the aforementioned marks by promoting, selling, and offering for sale clothing items under Plaintiff's trademarks.  Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between the Defendant and Plaintiff resulting in the unjust enrichment of Defendant by using Plaintiff's registered trademarks.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a) and Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c).

3.    This Court has personal jurisdiction over the Defendant because Defendant engages in continuous and significant business activities in, and directed to the State of New York within this judicial district and is registered with the NYS Department of State Division of Corporations to do business in New York and because Defendant has committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendant transacts business and/or maintains an office or business location in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5.    Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

6.    Upon information and belief, Defendant Only NY Store, LLC is a New York Limited Liability Company with a principal place of business at 176 Stanton Street, New York, New York 10002.

2

## FACTS

7.    Since at least as early as 1999, Plaintiff Robert G. Lopez has been selling headwear, t-shirts, sweaters, hooded sweatshirts and other clothing items under the LOWER EAST SIDE™ and LES NYC® brand names.

8.    Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name L.E.S. CLOTHING CO.™, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items under the marks LES™, LOWER EAST SIDE™, and LES NYC®.  Since at least as early as 2010, Plaintiff has also been selling clothing items under the mark LOYALTY EQUALS STRENGTH™ which is an additional representation of what the LES™ acronym stands for and represents.

9.    In addition to selling and offering for sale clothing items under the LOWER EAST SIDE™, LES NYC®, LES™ and LOYALTY EQUALS STRENGTH™ brand names, Plaintiff has also continuously sold and offered for sale various clothing items including hooded sweatshirts and t-shirts which bear the THE LOWER™, LOWER EAST SIDE™ and LES NYC® marks in various font and design styles which are prominently displayed on the front and/or back of the headwear, t-shirts and/or sweaters as well as printed on hang tags, clothing labels, stickers and on clothing product packaging materials.

10.    Plaintiff sells, and promotes the sale of his clothing via his website www.lesclothing.com, through flyer order forms, and his t-shirts, caps and other clothing items are also available for sale in several retail locations in New York City and other States.  From 2012 to 2015 Plaintiff also maintained a Flagship LES Clothing Co. store located at 43 Clinton Street, New York, NY 10002, which is directly around the corner and only feet away from Defendant's store at 176 Stanton Street.

3

**43 Clinton Street, New York, New York 10002**

LES Clothing Co.™ Flagship Store (around the corner from Defendant's Only NY Store)















4

11.    Plaintiff advertises his **LES CLOTHING CO™**, **LOWER EAST SIDE™**, **THE LOWER™** and **LES NYC®** brands and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals."  Plaintiff also regularly conducts photo shoots of customers who purchase his **LOWER EAST SIDE™** and **LES NYC®** related clothing items to be included in magazine advertisements and other marketing materials.

12.    The **LOWER EAST SIDE™** brand and mark as used by Plaintiff has acquired "**secondary meaning**" in the marketplace in connection with the sale and offering of clothing goods based on Plaintiff's continuous and long standing use of the mark in the apparel industry.

13.    Plaintiff and his **LES Clothing Co.™** company are the known source providers of **LOWER EAST SIDE™** and **LES NYC®** related clothing products, particularly in Lower Manhattan and in the area and vicinity in which Defendant's clothing store is located.

14.    Plaintiff is the registered owner of New York State Trademark Registration No. R31067 and R32849 both for the mark **LOWER EAST SIDE™**.  (**See Exhibit A**).

15.    Plaintiff is the registered owner of United States Trademark Registration No. 4,549,880 for the mark **LES NYC®** which is the abbreviation and/or acronym for the mark **LOWER EAST SIDE NEW YORK CITY™**. (**See Exhibit B**).

16.    The mark **LOWER EAST SIDE®** is a recognized clothing brand and is a federally registered trademark under United States Trademark Registration No. 2,416,437 that has been rendered "incontestable" under Section 15 of the Trademark Act and is therefore not open to challenge as to its function as a trademark and brand name as it has been in continuous use as a brand name in excess of fifteen (15) years.  (**See Exhibit C**).

17.    Plaintiff has a Co-Existence Agreement with Payless Shoesource Worldwide, Inc. who is the owner of United States Trademark Registration No. 2,416,437 for the mark **LOWER**

5

EAST SIDE®, which allows the parties to co-exist in the marketplace and both utilize the **LOWER EAST SIDE** mark but limits Payless's use of the mark to "**footwear**" and grants and/or limits Plaintiff's rights in the **LOWER EAST SIDE™** mark to "**t-shirts, sweaters, headwear**" and all other forms of clothing that exclude footwear.

18.    Plaintiff is informed and believes and thereon alleges that Defendant is marketing, promoting, selling and offering for sale the t-shirt shown below bearing Plaintiff's **LOWER EAST SIDE™, and LES NYC®** marks.



19.    Plaintiff was been contacted by several long-standing customer of his **LES CLOTHING CO™ LOWER EAST SIDE™** and **LES NYC®** clothing products regarding the **LOWER EAST SIDE™** t-shirt offered and sold at Defendant's Only NY Store located at 176 Stanton Street and from Defendant's website thinking the product was sponsored and/or affiliated with Plaintiff and his business LES Clothing Co.™

20.    Defendant's use of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** brands in connection with clothing was done willfully as Defendant is aware of Plaintiff's brand

6

and clothing business as well as the existence of the LES Clothing Co. Flagship store and Defendant's use of Plaintiff's trademarks has already caused and will continue to cause confusion as to the source or affiliation of the source of the clothing related goods bearing the **LOWER EAST SIDE™** and **LES NYC®** marks.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

21.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 20 of this Complaint.

22.    The use in commerce by Defendant of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services.  Such use by defendant constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendant is not ordered to cease all use of the **LES NYC®** and **LOWER EAST SIDE™** marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

23.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 22 of this Complaint.

24.    Plaintiff has the exclusive right to market, brand and provide clothing related goods using the **LES NYC®** and **LOWER EAST SIDE™** marks.

25.    Defendant by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendants' activities already have confused the public into believing that Defendants and Plaintiff's clothing goods and

7

accessories come from one and the same source, and defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

26.    Defendant have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

27.    By reason of Defendant's willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

**THIRD CAUSE OF ACTION**
**COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION**

28.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 27 of this Complaint.

29.    Defendant's conduct constitutes deception by which Defendant goods will be palmed off as those of Plaintiff.  Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

30.    Defendant's unauthorized use of Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** marks is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

31.    By reason of the foregoing, Defendant has infringed and continues to infringe on Plaintiff's common law rights in the **LOWER EAST SIDE™** and **LES NYC®** marks and Defendant has become unjustly enriched by such acts of infringement.

32.    Defendant's unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

8

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

33.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 32 of this Complaint.

34.    Defendant has unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **LOWER EAST SIDE**™ and/or **LES NYC®** marks.

35.    Defendant's actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.    Entry of an order and judgment requiring that all defendant, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **LOWER EAST SIDE**™, **LES NYC®**, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **LES NYC®**, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **LES NYC®** mark.

2.    That Defendant be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.   That Defendant be ordered to deliver up for destruction any and all infringing materials bearing the **LOWER EAST SIDE**™ and **LES NYC**® marks, and any colorable imitation thereof, in whole or part.

4.   That Plaintiff be awarded punitive damages.

5.   That Defendant be required to place advertisements or send notifications to past and present customers that it improperly has been using the **LOWER EAST SIDE**™ and/or **LES NYC**® marks.

6.   That Plaintiff be awarded statutory damages in the amount of $1,000,000.00 for Defendant's acts of willful infringement.

7.   That Plaintiff be awarded the cost and disbursements of this action.

8.   That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: June 6, 2017
       New York, New York

Respectfully submitted,
Robert G. Lopez – Pro Se

Robert G. Lopez
Pro Se Plaintiff
230 Clinton Street – Apt. #11C
New York, New York 10002
(917) 868-1698

10

# EXHIBIT A

# New York State Department of State
## Certificate of Trademark Registration

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

**Registration Number:**   R31067

**Registration Date:**   06-06-07

**Applicant:**   ROBERT G. LOPEZ
230 CLINTON STREET APT. #11C
NEW YORK   NY   10002-

**State of Incorporation or Partnership Organization:**

**Class Numbers:**   25

**Date First Used in NYS:**   12/1999

**Date First Used Anywhere**   12/1999

**Trademark Description:**
LOWER EAST SIDE

The mark is comprised of the words "Lower East Side" in stylized letters with an underline and overline.

**Description of Goods:**   Clothing, namely, T-shirts, Hooded Sweatshirts, Vest, Hats and Caps as adopted from the USPTO.

*WITNESS my hand and the seal of the State of New York In the City of Albany on this:*

Thursday, August 16, 2007

by:

Special Deputy Secretary of State

DOS-690 (Rev. 3/01)

# New York State Department of State
## Certificate of Trademark Registration

*I, Anthony Giardina, Executive Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | R32849 | **Registration Date:** | 08/09/16 |

**Applicant:**     ROBERT G. LOPEZ
                   230 CLINTON ST. - APT. 11C
                   NEW YORK                    NY     10002-

**State of Incorporation or
Partnership Organization:**

**Class Numbers:**     25

**Date First Used In NYS:**     12/01/1999          **Date First Used Anywhere:**     12/01/1999

**Trademark Description:**

*The mark is comprised of the words LOWER EAST SIDE without claim to any particular font, style or design.*

**Description of Goods:**     Clothing, namely; t-shirts, sweaters, shorts and headwear.

**WITNESS** *my hand and the seal of the State of New York In the City of Albany on this:*

*Thursday, August 11, 2016*

*by:*

*Anthony Giardina*

**Executive Deputy Secretary of State**

DOS-690 (Rev. 8/13)

**EXHIBIT B**

# United States of America

### United States Patent and Trademark Office

# LES NYC

**Reg. No. 4,549,880**
**Registered June 17, 2014**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

LOPEZ, ROBERT G. (UNITED STATES INDIVIDUAL)
230 CLINTON STREET - APT. #11C
NEW YORK, NY 10002

FOR: BASEBALL CAPS AND HATS; HOODED SWEATSHIRTS; SHORT-SLEEVED OR LONG-SLEEVED T-SHIRTS; T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 85-335,314, FILED 6-1-2011.

ALICE BENMAMAN, EXAMINING ATTORNEY



*Michelle K. Lee*
Deputy Director of the United States
Patent and Trademark Office

**EXHIBIT C**

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Jun 2 02:21:45 EDT 2017*

**TESS HOME** **NEW USER** **STRUCTURED** **FREE FORM** **BROWSE DICT** **SEARCH OG** **BOTTOM** **HELP** **PREV LIST** **CURR LIST** **NEXT LIST** **FIRST DOC** **PREV DOC** **NEXT DOC** **LAST DOC**

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [_____] OR Jump | to record: [_____] | **Record 26 out of 29**

**TSDR** **Assign Status** **TTAB Status** *( Use the "Back" button of the Internet Browser to return to TESS)*

# LOWER EAST SIDE

| | |
|---|---|
| Word Mark | LOWER EAST SIDE |
| Goods and Services | IC 025. US 022 039. G & S: Footwear. FIRST USE: 19990616. FIRST USE IN COMMERCE: 19990616 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Serial Number | 75652553 |
| Filing Date | March 3, 1999 |
| Current Basis | 1A |
| Original Filing Basis | 1B |
| Published for Opposition | November 30, 1999 |
| Registration Number | 2416437 |
| International Registration Number | 1220106 |
| Registration Date | December 26, 2000 |
| Owner | (REGISTRANT) PAYLESS SHOESOURCE WORLDWIDE, INC. CORPORATION KANSAS Jayhawk Towers 700 SW Jackson Topeka KANSAS 66603 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | ROBERT CARROLL |
| Prior Registrations | 1795922 |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20110108. |
| Renewal | 1ST RENEWAL 20110108 |

# EXHIBIT B

**NYC.CANNABIS.537**
## Posts



**View insights**

**Boost post**

♡  ◯  ◁                          •                                          ⊓

 Liked by **newjerseycannabis** and **19 others**

**nyc.cannabis.537** #MerryChristmas to all  #GodIsGood early "XMAS" gift to us  that #NewYorkState #Trademark Registration Certificate **TM** ® just arrived for that "NYC NEW YORK CANNABIS **TM** " #logo - - short term victory in our overall goal and objective of building a strong ⅃ #IntellectualProperty portfolio but #WeActive - - #Progression - - might make it sound small but it's actually a big deal...the government and the State of #NewYork just declared us to be the #exclusive #Owner of this property which immediately opened the door for #Licensing opportunities and aggressive enforcement actions against any unauthorized users of our "NYC" Logo property - - #WeWorking #SocialGoods #420 #Weed #Marijuana #Legalization - - ahead of the wave ⤴ stay tuned #Advertise your #Cannabis #Products and #Services with us under our "NYC NEW YORK CANNABIS **TM** " platform - - #ProtectYourBusinessAssets with our founder #TrademarkRob www.trademarkrob.com and build #Equity in your #Brand

View all 4 comments

**goalgettahz** 🚀 🚀 🚀                                              ♥

December 25, 2020

# EXHIBIT C

 Gmail

## Agreement

**Elis Pacheco** <elis@digitallaunch.com>                    Tue, Oct 26, 2021 at 11:59 AM
To: trademarkrob@gmail.com
Cc: Alex Fredericks <alex@digitallaunch.com>

Hey Rob,

We collectively as a group conducted a ton of geo market research so we can provide NYC Cannabis an impactful adrenaline boost and streamline the business and initiate growth. Our goal is to exponentially grow the brand and set up franchise stores and create the agency which you will have ownership in and have a set Trademark fee per client as well. We will be bringing in a technology partner to properly monetize and increase the merchandise sales an create a database that we can up-sell to. We have also created the framework to create a delivery service for NYC Cannabis in our goal of becoming the UberEats in the Cannabis, CBD and edible space. Alex, Ice, Mickey, and myself are super excited to join forces. With our existing database, industry relations, ability to position Ice on any promotional platform along with incredible talent and corporate relationships, will be a huge boost.

The attached term sheet agreement outlines the areas we discussed to formerly form the new company and begin to make whatever modifications are needed, while keeping your creative vision intact. Our #1 priority is to amplify your message. We need to distinguish NYC Cannabis as Health and Wellness experts opposed to weed guys like many of the competitors are. We will present ourselves as the go-to guys that have the knowledge, experience and expertise in the ecosystem of Cannabis.

Let us know a good time to discuss so we can formulate the timeline.

Warmest regards,

Elis Pacheco
Managing Director
Digital Launch
(917) 337-0152 mobile
www.digitallaunch.com

 **WWCC AGREEMENT.docx**
27K

WWCC (Worldwide Cannabis Counsel)
**PARTNER AGREEMENT**

This Agreement is entered into as of October___, 2021 (the "Effective Date") between WWCC LLC (Collective), a New Jersey corporation, ("Company") and Robert G. Lopez  230 Clinton Street Suite 11C New York NY 10002 (individually and collectively, "Partner").  The parties agree as follows:

**1.     Company Formation.**  Partner and Collective agree to collaborate and form a new entity  (New Co X) that will be set up to: Operate the NYC Cannabis Brand and its subdivisions and also to develop an "Agency" that provides multiple services in the Cannabis industry ecosystem.

**Collective** will assign all Rights and Ownership of it's  A&E Cannabis Consulting Firm to New Co X in addition to facilitating the expansion of NYC Cannabis'; Retail, Trademark and Direct to Consumer (delivery) business. Services provided will include but not be limited to Influencer FIngerprints, Digital Footprint, Social Media Programming & Content Development, Media and PR Coordination, Financial Services, Business and Regulatory Relationship Development.

**Partner** will assign IP and Rights for NYC Cannabis to New Co X.

**2.     Assignment and Ownership.**  In consideration of Partner Services and the transfer of NYC Cannabis IP, and current assets and liabilities, Partner will hold a 25% share in New Co. X and its assets. The remaining 75% will be owned by Collective, )Alex Fredericks, Mickey Bentson, Tracy Marrow p/k/a Ice-T, Elis Pacheco, and brand ambassadors who justify receiving equity.)

**3.     Additional Understanding**

1. New CoX takes over operations of  NYC Cannabis located at 40 Clinton Street New York NY 10002. and shall commit to a $7,500 per month operational overhead to be subtracted from profits to offset expenses.
2. All accountable expenses incurred in the development of the location to date inclusive of  any cash contributions made to the location will be accounted  for as outstanding debt and become the responsibility of the Parent Company.
3. Partner retains Creative Direction of NYC Cannabis with in New CO X
4. New CO X will initially reimburse its members for reasonable travel and related expenses incurred in the course of performing Services hereunder that are pre-approved in writing by the Company in accordance with the Company's expense reimbursement policy.

5. New Co will ensure a smooth workflow prior to locating and opening additional NYC Cannabis stores..."the franchises."

**4.      *Proprietary Information and Confidentiality*.**  Each Party understands that, they will be privy to Proprietary Information of competitive value to the Company.  Accordingly, Partner agrees to maintain in strict confidence and not publish or otherwise disclose to third parties or use for any purpose other than providing the Services to Company hereunder any Proprietary Information, except with written consent to the contrary from the Company, or until such Proprietary Information becomes publicly available.

**5.      *No Conflict*.**  Partner represents that Partner's compliance with the terms of this Agreement and provision of Services hereunder will not violate any duty that Partner may have to any other person or entity (such as a present or former employer), including, without limitation, obligations concerning providing services to others, confidentiality of proprietary information and assignment of inventions, ideas, patents or copyrights, or non-solicitation agreements.  Advisor agrees that Advisor will not do anything in the performance of Services hereunder that would violate any such duty.

**6.      *Miscellaneous*.**  This Agreement shall be governed by the laws of the State of New Jersey, without reference to its conflicts of laws provisions.

(SIGNATURES CONTINUED ON NEXT PAGE)

IN WITNESS WHEREOF, the parties have executed this Advisor Agreement as of the date first written above.

**PARTNER**                              **WORLDWIDE CANNABIS COUNSEL.**

By: _____        _____

Print Name: **ROBERT LOPEZ**                MANAGING PARTNER

Address:                                    Address:

_____

_____

_____

2

# EXHIBIT D

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-244-021

Effective Date of Registration:
March 24, 2021
Registration Decision Date:
March 31, 2021

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

## Title

Title of Work: NYC New York Cannabis Banner Photo

## Completion/Publication

Year of Completion: 2020
Date of 1st Publication: December 13, 2020
Nation of 1st Publication: United States

## Author

- Author: Robert G Lopez
  Author Created: Photograph
  Citizen of: United States

## Copyright Claimant

Copyright Claimant: Robert G Lopez
230 Clinton Street, Suite 11C, New York, NY, 10002, United States

## Certification

Name: Robert G. Lopez, Author/Owner
Date: March 24, 2021

Copyright Office notes: Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

# VA 2-276-758

**Effective Date of Registration:**
October 26, 2021
**Registration Decision Date:**
November 24, 2021

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

## Title

**Title of Work:**    NYC New York Cannabis Flagship Store Photo

## Completion/Publication

**Year of Completion:**    2021
**Date of 1st Publication:**    May 14, 2021
**Nation of 1st Publication:**    United States

## Author

- **Author:**    Robert G. Lopez
  **Author Created:**    Photograph
  **Citizen of:**    United States

## Copyright Claimant

**Copyright Claimant:**    Robert G. Lopez
230 Clinton Street, Suite 11C, New York, NY, 10002, United States

## Certification

**Name:**    Robert G. Lopez, Author/Owner
**Date:**    October 26, 2021

**Copyright Office notes:**    Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

# VA 2-244-019

Effective Date of Registration:
March 24, 2021
Registration Decision Date:
March 31, 2021

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

## Title

**Title of Work:**   NYC New York Cannabis Snapback Photo

## Completion/Publication

**Year of Completion:**   2021
**Date of 1st Publication:**   January 14, 2021
**Nation of 1st Publication:**   United States

## Author

- **Author:**   Robert G. Lopez
  **Author Created:**   Photograph
  **Citizen of:**   United States

## Copyright Claimant

**Copyright Claimant:**   Robert G. Lopez
230 Clinton Street, Suite 11C, New York, NY, 10002, United States

## Certification

**Name:**   Robert G. Lopez, Author/Owner
**Date:**   March 24, 2021

**Copyright Office notes:**   Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-244-030

**Effective Date of Registration:**
March 24, 2021
**Registration Decision Date:**
March 31, 2021

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

## Title

**Title of Work:**   NYC New York Cannabis Mylar Bags Photo

## Completion/Publication

**Year of Completion:**   2021
**Date of 1st Publication:**   January 13, 2021
**Nation of 1st Publication:**   United States

## Author

**Author:**   Robert G Lopez
**Author Created:**   Photograph
**Citizen of:**   United States

## Copyright Claimant

**Copyright Claimant:**   Robert G Lopez
230 Clinton Street, Suite 11C, New York, NY, 10002, United States

## Certification

**Name:**   Robert G. Lopez, Author/Owner
**Date:**   March 24, 2021

**Copyright Office notes:**   Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

# VA 2-276-767

**Effective Date of Registration:**
October 28, 2021
**Registration Decision Date:**
November 24, 2021

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

## Title

**Title of Work:**    NYC New York Cannabis Delivery Vehicle Photo

## Completion/Publication

**Year of Completion:**    2021
**Date of 1st Publication:**    October 20, 2021
**Nation of 1st Publication:**    United States

## Author

- **Author:**    Robert G. Lopez
  **Author Created:**    Photograph
  **Citizen of:**    United States

## Copyright Claimant

**Copyright Claimant:**    Robert G. Lopez
230 Clinton Street, Suite 11C, New York, NY, 10002, United States

## Certification

**Name:**    Robert G. Lopez, Author/Owner
**Date:**    October 28, 2021

**Copyright Office notes:**    Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same



Try the **Copyright Public Records System (CPRS)** pilot with enhanced
search features and filters.



## Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Left Anchored Name = Lopez, Robert G.

Search Results: Displaying 16 of 28 entries

*NYC New York Cannabis Promotional Giveaway Flyer.*

|  |  |
|---|---|
| **Type of Work:** | Text |
| **Registration Number / Date:** | TX0008971713 / 2021-05-17 |
| **Application Title:** | NYC New York Cannabis Promotional Giveaway Flyer. |
| **Title:** | NYC New York Cannabis Promotional Giveaway Flyer. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Robert G. Lopez. Address: 230 Clinton Street, Suite 11C, New York, NY, 10002, United States. |
| **Date of Creation:** | 2021 |
| **Date of Publication:** | 2021-05-17 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Robert G. Lopez; Citizenship: United States. Authorship: Article. |
| **Copyright Note:** | Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire. |
| **Names:** | Lopez, Robert G. |



| **Save, Print and Email (Help Page)** | | |
|---|---|---|
| Select Download Format | Full Record ▾ | Format for Print/Save |
| Enter your email address: | | Email |



Try the **Copyright Public Records System (CPRS)** pilot with enhanced
search features and filters.

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Left Anchored Name = Lopez, Robert G.

Search Results: Displaying 15 of 28 entries



*NYC New York Cannabis Promotional Giveaway Disclaimer.*

|  |  |
|---|---|
| **Type of Work:** | Text |
| **Registration Number / Date:** | TX0008971737 / 2021-05-17 |
| **Application Title:** | NYC New York Cannabis Promotional Giveaway Disclaimer. |
| **Title:** | NYC New York Cannabis Promotional Giveaway Disclaimer. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Robert G Lopez. Address: 230 Clinton Street, Suite 11C, New York, NY, 10002, United States. |
| **Date of Creation:** | 2021 |
| **Date of Publication:** | 2021-05-16 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Robert G Lopez; Citizenship: United States. Authorship: Article. |
| **Copyright Note:** | Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire. |
| **Names:** | Lopez, Robert G |



| Save, Print and Email (Help Page) |
|---|
| Select Download Format [ Full Record ⌄ ] [ Format for Print/Save ] |
| Enter your email address: [                    ] [ Email ] |

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

# VA 2-276-766

**Effective Date of Registration:**
October 28, 2021
**Registration Decision Date:**
November 24, 2021

---

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

## Title

**Title of Work:**    NYC New York Cannabis Liberty T-Shirt Photo

## Completion/Publication

**Year of Completion:**    2021
**Date of 1st Publication:**    August 14, 2021
**Nation of 1st Publication:**    United States

## Author

- **Author:**    Robert G. Lopez
  **Author Created:**    Photograph
  **Citizen of:**    United States

## Copyright Claimant

**Copyright Claimant:**    Robert G. Lopez
230 Clinton Street, Suite 11C, New York, NY, 10002, United States

## Certification

**Name:**    Robert G. Lopez, Author/Owner
**Date:**    October 28, 2021

---

**Copyright Office notes:**    Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same

# EXHIBIT E

# New York State Department of State
# Certificate of Trademark Registration

*I, Brendan C. Hughes, Executive Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | R33743 | **Registration Date:** | 12/15/2020 |

**Applicant:**     **ROBERT G LOPEZ**
230 CLINTON STREET- SUITE 11C
NEW YORK                     NY     10002-

**State of Incorporation or
Partnership Organization:**

**Class Numbers:**     25

| | | | |
|---|---|---|---|
| **Date First Used in NYS:** | 11/14/2020 | **Date First Used Anywhere:** | 11/14/2020 |

**Trademark Description:**

*The mark is comprised of an image of a green circle with a green leaf appearing in the center of the circle. The letters NYC appear in green underneath the circle design and the words NEW YORK CANNABIS appear underneath the letters NYC.*

*No claim is made to the exclusive rights to use "NYC" or "NEW YORK"*

**Description of Goods:**     *Hoodies, sweaters, caps and t-shirts*

**WITNESS** *my hand and the seal of the State of New York In
the City of Albany on this:*

*Friday, December 18, 2020*

*by:*

*Executive Deputy Secretary of State*

DOS-690 (Rev. 11/18)

# TRADEMARK DRAWING PAGE:



New York Cannabis

# New York State Department of State
# Certificate of Service Mark Registration

*I, Brendan C. Hughes, Executive Deputy Secretary of State, do certify that the Service Mark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | S25230 | **Registration Date:** | 4/8/2021 |

**Applicant:**  ROBERT G. LOPEZ
230 CLINTON ST - APT. #11C
NEW YORK                NY      10002-

**State of Incorporation or Partnership Organization:**

**Class Numbers:**      35

**Date First Used in NYS:**   11/23/2020        **Date First Used Anywhere:**   11/23/2020

## Service Mark Description:

*The mark is comprised of the letters "NYC" in a bold stylized font with the words "NEW YORK CANNABIS" appearing beneath the letters NYC.*

*No claim is made to the exclusive rights to use "NYC" or "NEW YORK" apart from the mark as shown.*

**Description of Services:**        Advertising the brands, goods and services of others; business management and consultation services; providing online business information and news on cannabis products, services and legal developments.

**WITNESS** *my hand and the seal of the State of New York in the City of Albany on this:*

*Wednesday, April 28, 2021*

*by:*

*Brendan C. Hughes*

**Executive Deputy Secretary of State**

DOS-690 (Rev. 11/18)



New York Cannabis

# New York State Department of State
# Certificate of Service Mark Registration

*I, Brendan C. Hughes, Executive Deputy Secretary of State, do certify that the Service Mark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | *S25231* | **Registration Date:** | *4/8/2021* |
| **Applicant:** | *ROBERT G. LOPEZ* | | |
| | *230 CLINTON ST - APT. #11C* | | |
| | *NEW YORK* | *NY    10002-* | |
| **State of Incorporation or Partnership Organization:** | | | |
| **Class Numbers:** | *41* | | |
| **Date First Used in NYS:** | *11/23/2020* | **Date First Used Anywhere:** | *11/23/2020* |

**Service Mark Description:**

*The mark is comprised of the letters "NYC" in a bold stylized font with the words "NEW YORK CANNABIS" appearing beneath the letters NYC.*

*No claim is made to the exclusive rights to use "NYC" or "NEW YORK" apart from the mark as shown.*

**Description of Services:**    *Educational and entertainment services, namely, providing a website featuring information in the nature of current news and events about cannabis, the cannabis industry and products containing cannabis.*

*WITNESS my hand and the seal of the State of New York In the City of Albany on this:*

*Wednesday, April 28, 2021*

*by:*

*Executive Deputy Secretary of State*

*DOS-690 (Rev. 11/18)*



New York Cannabis

STATUS    DOCUMENTS                                             **Back to Search**          Print

Generated on: This page was generated by TSDR on 2024-09-17 15:40:38 EDT

Mark: NYC NEW YORK CANNABIS



New York Cannabis

| | | | |
|---|---|---|---|
| **US Serial Number:** 90320532 | | **Application Filing Date:** Nov. 15, 2020 | |
| **Filed as TEAS Plus:** Yes | | **Currently TEAS Plus:** Yes | |

**Register:** Principal

**Mark Type:** Service Mark

**TM5 Common Status Descriptor:**

DEAD/APPLICATION/Refused/Dismissed or Invalidated

This trademark application was refused, dismissed, or invalidated by the Office and this application is no longer active.

**Status:** Abandoned because the applicant failed to respond or filed a late response to an Office action. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Apr. 26, 2023

**Date Abandoned:** Apr. 06, 2023

# Mark Information

**Mark Literal Elements:** NYC NEW YORK CANNABIS

| | | | |
|---|---|---|---|
| Filed ITU: | No | Currently ITU: | No |
| Filed 44D: | No | Currently 44D: | No |
| Filed 44E: | No | Currently 44E: | No |
| Filed 66A: | No | Currently 66A: | No |
| Filed No Basis: | No | Currently No Basis: | No |

## Current Owner(s) Information

**Owner Name:** Lopez, Robert G.

**DBA, AKA, Formerly:** AKA TradeMarkRob

**Owner Address:** 230 Clinton Street - Suite 11C
New York, NEW YORK UNITED STATES 10002

**Legal Entity Type:** INDIVIDUAL                    **Citizenship:** UNITED STATES

## Attorney/Correspondence Information

**Attorney of Record - None**

**Correspondent**

**Correspondent Name/Address:** Lopez, Robert G.
230 Clinton Street - Suite 11C
New York, NEW YORK UNITED STATES 10002

**Correspondent e-mail:** 230enterprises@gmail.com        **Correspondent e-mail Authorized:** Yes

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Apr. 26, 2023 | ABANDONMENT NOTICE E-MAILED - FAILURE TO RESPOND | |
| Apr. 26, 2023 | ABANDONMENT NOTICE MAILED - FAILURE TO RESPOND | |
| Apr. 26, 2023 | ABANDONMENT - FAILURE TO RESPOND OR LATE RESPONSE | |

Case 1:24-cv-07106-DEH-JW    Document 1    Filed 09/19/24    Page 84 of 167

| Jan. 14, 2021 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED |
| Nov. 18, 2020 | NEW APPLICATION ENTERED |

## TM Staff and Location Information

**TM Staff Information**

    **TM Attorney:** HUSSAIN, TASNEEM              **Law Office Assigned:** LAW OFFICE 118

**File Location**

    **Current Location:** TMO LAW OFFICE 118- EXAMINING ATTORNEY ASSIGNED       **Date in Location:** Apr. 26, 2023

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load

STATUS    DOCUMENTS                                                    **Back to Search**              Print

Generated on: This page was generated by TSDR on 2024-09-17 15:36:44 EDT

Mark: NYC NEW YORK CANNABIS

US Serial Number: 90731901                          **Application Filing Date:** May 24, 2021

Filed as TEAS Plus: Yes                                **Currently TEAS Plus:** Yes

Register: Principal

Mark Type: Service Mark

TM5 Common Status Descriptor:

DEAD/APPLICATION/Refused/Dismissed or Invalidated

This trademark application was refused, dismissed, or invalidated by the Office and this application is no longer active.

Status: Abandoned because the applicant failed to respond or filed a late response to an Office action. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

Status Date: Apr. 18, 2023

Date Abandoned: Apr. 05, 2023

## Mark Information

Mark Literal Elements: NYC NEW YORK CANNABIS

Case 1:24-cv-07106-DEH-JW    Document 1    Filed 09/19/24    Page 87 of 167

| Filed 66A: | No | Currently 66A: | No |
|---|---|---|---|
| Filed No Basis: | No | Currently No Basis: | No |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Lopez, Robert G. |
| **DBA, AKA, Formerly:** | AKA TradeMarkRob |
| **Owner Address:** | 230 Clinton Street - Suite 11C |
| | New York, NEW YORK UNITED STATES 10002 |
| **Legal Entity Type:** INDIVIDUAL | **Citizenship:** UNITED STATES |

## Attorney/Correspondence Information

**Attorney of Record - None**

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | Lopez, Robert G. |
| | 230 Clinton Street - Suite 11C |
| | New York, NEW YORK UNITED STATES 10002 |
| **Correspondent e-mail:** 230enterprises@gmail.com | **Correspondent e-mail Authorized:** Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Apr. 18, 2023 | ABANDONMENT NOTICE E-MAILED - FAILURE TO RESPOND | |
| Apr. 18, 2023 | ABANDONMENT NOTICE MAILED - FAILURE TO RESPOND | |
| Apr. 18, 2023 | ABANDONMENT - FAILURE TO RESPOND OR LATE RESPONSE | |
| Oct. 04, 2022 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Oct. 04, 2022 | NON-FINAL ACTION E-MAILED | |
| Oct. 04, 2022 | NON-FINAL ACTION WRITTEN | |

**Generated on:** This page was generated by TSDR on 2024-09-17 15:34:37 EDT

**Mark:** NYC NEW YORK CANNABIS

New York Cannabis

| | | |
|---|---|---|
| **US Serial Number:** 90736151 | | **Application Filing Date:** May 26, 2021 |
| **Filed as TEAS Plus:** Yes | | **Currently TEAS Plus:** Yes |
| **Register:** Principal | | |
| **Mark Type:** Service Mark | | |

**TM5 Common Status Descriptor:**

LIVE/APPLICATION/Under Examination

The trademark application has been accepted by the Office (has met the minimum filing requirements) and that this application has been assigned to an examiner.

**Status:** Suspension check completed. Application remains suspended.

**Status Date:** Jan. 05, 2024

## Mark Information

**Mark Literal Elements:** NYC NEW YORK CANNABIS

**Standard Character Claim:** No

|  | Filed 66A: | No | | Currently 66A: | No |
|  | Filed No Basis: | No | | Currently No Basis: | No |

## Current Owner(s) Information

| | Owner Name: | Lopez, Robert G. |
| DBA, AKA, Formerly: | AKA TradeMarkRob |
| Owner Address: | 210 Stanton Street - Suite 218 |
| | New York, NEW YORK UNITED STATES 10002 |
| Legal Entity Type: | INDIVIDUAL | | Citizenship: | UNITED STATES |

## Attorney/Correspondence Information

**Attorney of Record - None**

**Correspondent**

| Correspondent Name/Address: | Lopez, Robert G. |
| | 210 Stanton Street - Suite 218 |
| | New York, NEW YORK United States 10002 |

| Correspondent e-mail: | **trademarkrob@gmail.com** | Correspondent e-mail Authorized: | Yes |
| | **nyccannabis.537@gmail.com** | |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
| --- | --- | --- |
| Mar. 23, 2024 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Mar. 23, 2024 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | |
| Mar. 23, 2024 | TEAS CHANGE OF OWNER ADDRESS RECEIVED | |
| Jan. 05, 2024 | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | |
| May 16, 2023 | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | |
| May 16, 2023 | LETTER OF SUSPENSION E-MAILED | |

Case 1:24-cv-07106-DEH-JW Document 1 Filed 09/19/24 Page 89 of 167

**Assignment Abstract Of Title Information - Click to Load**


**Proceedings - Click to Load**

Case 1:24-cv-07106-DEH-JW   Document 1   Filed 09/19/24   Page 90 of 167

For assistance with TSDR, email teas@uspto.gov and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

**Generated on:** This page was generated by TSDR on 2024-09-17 15:32:18 EDT

**Mark:** NYC NEW YORK CANNABIS



New York Cannabis

**US Serial Number:** 90745372

**Application Filing Date:** May 31, 2021

**Filed as TEAS Plus:** Yes

**Currently TEAS Plus:** Yes

**Register:** Principal

**Mark Type:** Service Mark

**TM5 Common Status Descriptor:**



LIVE/APPLICATION/Opposition Pending

The pending trademark application has been examined by the Office and was published for opposition, at which time one or more oppositions were filed but they have not yet been decided.

**Status:** An opposition after publication is pending at the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

**Status Date:** Aug. 21, 2023

**Publication Date:** Jul. 25, 2023

## Mark Information

**Filed 66A:** No                                    **Currently 66A:** No

**Filed No Basis:** No                              **Currently No Basis:** No

## Current Owner(s) Information

**Owner Name:** Lopez, Robert G.

**DBA, AKA, Formerly:** AKA TradeMarkRob

**Owner Address:** 40 Clinton Street - South Store
New York, NEW YORK UNITED STATES 10002

**Legal Entity Type:** INDIVIDUAL                    **Citizenship:** UNITED STATES

## Attorney/Correspondence Information

**Attorney of Record - None**

**Correspondent**

**Correspondent** ROBERT G LOPEZ
**Name/Address:** 210 STANTON STREET
APT #218
NEW YORK, NEW YORK UNITED STATES 10002

**Phone:** 917-868-1698

**Correspondent e-mail:** trademarkrob@gmail.com          **Correspondent e-mail** Yes
                                                          **Authorized:**

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Aug. 21, 2023 | OPPOSITION INSTITUTED NO. 999999 | 286688 |
| Aug. 21, 2023 | OPPOSITION PAPERS RECEIVED AT TTAB | |
| Jul. 25, 2023 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Jul. 25, 2023 | PUBLISHED FOR OPPOSITION | |

| | |
|---|---|
| Aug. 30, 2021 | ASSIGNED TO EXAMINER |
| Aug. 25, 2021 | NOTICE OF DESIGN SEARCH CODE E-MAILED |
| Aug. 24, 2021 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED |
| Jun. 03, 2021 | NEW APPLICATION ENTERED |

## TM Staff and Location Information

### TM Staff Information

**TM Attorney:** BEN, LINDSEY                    **Law Office Assigned:** LAW OFFICE 108

### File Location

**Current Location:** PUBLICATION AND ISSUE SECTION          **Date in Location:** Jun. 22, 2023

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF NEW YORK,

               Plaintiff,

      -v-

ROBERT G. LOPEZ .

               Defendant.

21-CV-7862 (JPO)

ORDER OF REFERENCE
TO MAGISTRATE JUDGE

J. PAUL OETKEN, District Judge:

The above entitled action is referred to the Honorable Ona T. Wang, United States

Magistrate Judge, for the following purpose(s):

| | |
|---|---|
| __X__ GENERAL PRE-TRIAL (includes scheduling, discovery, non-dispositive pre-trial motions and settlement) | _____ HABEAS CORPUS |
| _____ GENERAL PRE-TRIAL & DISPOSITIVE MOTION (all purposes except trial) | _____ INQUEST AFTER DEFAULT / DAMAGES HEARING |
| | _____ SOCIAL SECURITY |
| _____ DISPOSITIVE MOTION (i.e., a motion requiring a Report & Recommendation) | _____ SETTLEMENT |
| | _____ CONSENT UNDER 28 U.S.C. 636(c) FOR ALL PURPOSES (including trial) |
| _____ SPECIFIC NON-DISPOSITIVE MOTION / DISPUTE (including discovery dispute) | _____ CONSENT UNDER 28 U.S.C. 636(c) FOR LIMITED PURPOSE OF |

*The parties have not yet commenced discovery and require a schedule for fact discovery followed by a schedule for summary judgment motions. A settlement conference should also be scheduled at an appropriate time.*

     SO ORDERED.

Dated: October 19, 2023
       New York, New York

                           J. PAUL OETKEN
                          United States District Judge

# EXHIBIT G

United States Patent and Trademark Office

Home | | | | | | | | |

**TTABVUE. Trademark Trial and Appeal Board Inquiry System**                    **v2.5.0**

# Opposition

**Number:** 91286688                          **Filing Date:** 08/21/2023
**Status:** Suspended                         **Status Date:** 10/11/2023
**General Contact Number:** 571-272-8500
**Interlocutory Attorney:** STEVEN W FERRELL
**Paralegal Name:** NICOLE M THIER

## Defendant

**Name:** Robert G. Lopez
**Correspondence:** ROBERT G LOPEZ
210 STANTON STREET, APT #218
NEW YORK, NY 10002
UNITED STATES
trademarkrob@gmail.com
Phone: 917-868-1698

**Serial #:** 90745372          Application File          Assignment
**Application Status:** OPPOSITION PENDING
**Mark:** NYC NEW YORK CANNABIS

## Plaintiff

**Name:** City of New York
**Correspondence:** GERALD E SINGLETON
CITY OF NEW YORK
100 CHURCH STREET
NEW YORK, NY 10007
UNITED STATES
gsinglet@law.nyc.gov, Trademarks@law.nyc.gov,
mkrotzer@nyctourism.com,
kwinningham@nyctourism.com, gsingl.nyc@mail.com
Phone: 212-356-2036

**Serial #:** 77155101     Application File     Assignment     **Registration #:** 3668124
**Application Status:** CANCELLATION TERMINATED - SEE TTAB RECORDS
**Mark:** NYC

**Serial #:** 77796530     Application File     Assignment     **Registration #:** 3858973
**Application Status:** REGISTERED AND RENEWED
**Mark:** NYC

**Serial #:** 77899885     Application File     Assignment     **Registration** 3921788

**Application Status:** REGISTERED AND RENEWED
**Mark:** NYC

**Serial #:** 86078355    Application File    Assignment    **Registration #:** 4661895

**Application Status:** SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED
**Mark:** NYC

**Serial #:** 78561643    Application File    Assignment    **Registration #:** 3122929

**Application Status:** REGISTERED AND RENEWED
**Mark:** CITY OF NEW YORK PARKS & RECREATION

**Serial #:** 78561602    Application File    Assignment    **Registration #:** 3386271

**Application Status:** REGISTERED AND RENEWED
**Mark:** CITY OF NEW YORK PARKS & RECREATION

**Serial #:** 77826609    Application File    Assignment    **Registration #:** 3780909

**Application Status:** REGISTERED AND RENEWED

**Serial #:** 78561655    Application File    Assignment    **Registration #:** 3221347

**Application Status:** REGISTERED AND RENEWED
**Mark:** CENTRAL PARK

**Serial #:** 78561683    Application File    Assignment    **Registration #:** 3221348

**Application Status:** REGISTERED AND RENEWED
**Mark:** PROSPECT PARK

## Prosecution History

| # | Date | History Text | Due Date |
|---|---|---|---|
| 14 | 05/29/2024 | SUSP PEND DISP OF CIVIL ACTION | |
| 13 | 03/22/2024 | D OPP/RESP TO MOTION | |
| 12 | 03/15/2024 | P REQ FOR RECON OF BD ORDER | |
| 11 | 02/22/2024 | SUSP PEND DISP OF CIVIL ACTION | |
| 10 | 02/16/2024 | D CHANGE OF CORRESP ADDRESS | |
| 9 | 02/16/2024 | ANSWER | |
| 8 | 01/31/2024 | RESPONSE DUE | |
| 7 | 11/15/2023 | P OPP/RESP TO MOTION | |
| 6 | 11/09/2023 | D CHANGE OF CORRESP ADDRESS | |
| 5 | 11/09/2023 | D MOT TO SET ASIDE DEFAULT/ACCEPT LATE ANSWER | |
| 4 | 10/11/2023 | NOTICE OF DEFAULT | |

3   08/21/2023   INSTITUTED

2   08/21/2023   NOTICE AND TRIAL DATES SENT; ANSWER DUE:                 09/30/2023

1   08/21/2023   FILED AND FEE

Results as of 09/17/2024 03:29 PM        **Back to search results**        **Search:**

| .HOME | INDEX| SEARCH | *e*BUSINESS | CONTACT US | PRIVACY POLICY

# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------⟩

ROBERT G. LOPEZ, an Individual,

                      Plaintiff,

              v.-

EVENTBRITE, INC.,
META PLATFORMS, INC., and
JOHN DOES 1-3,

                      Defendants.

        **ECF CASE**

        24 CIV. 1544-GHW-SDA

        **DECLARATION OF**
        **GERALD E. SINGLETON**

CITY OF NEW YORK,

                    Intervenor-Plaintiff,

              v.-

ROBERT G. LOPEZ,

                Plaintiff and Intervenor-Defendant.

I, **GERALD E. SINGLETON,** declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

1.      I am a Senior Counsel in the Affirmative Litigation Division of the New York City Law Department and am lead attorney for proposed Intervenor-Plaintiff, the City of New York (the "City"). I have been employed by the City since 2005 and am responsible for, among other things, protecting the City's intellectual property and enforcing the City's trademark rights. I have

1

personal knowledge of the facts set forth herein and submit this declaration in support of the City's motion to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure.

2. On this motion, the City seeks an order allowing it to intervene as of right pursuant to Fed. R. Civ. P. Rule 24 (a)(2) or, alternatively, allowing permissive intervention pursuant to Rule 24 (b).

3. In this action, Plaintiff Robert G. Lopez ("Lopez") alleges that he owns federal trademark applications, New York state trademarks and service marks registrations, and numerous copyright registrations for photographs depicting sundry uses of the mark and design logo, **NYC NEW YORK CANNABIS** (collectively referred to hereinafter as the "**NYC NEW YOR CANNABIS Marks**"), as a brand for cannabis-related goods and services. Lopez has asserted claims against the defendants for statutory and common trademark infringement and unfair competition, and copyright infringement based on an unnamed party's apparently isolated and single use of the mark on a flyer and tickets for cannabis cruise. See First Amended Complaint, ECF Doc. 16. Lopez filed this action on February 29, 2024 (ECF Doc.1)..

4. The City has a direct, substantial, protectable interest in this litigation. The **NYC NEW YORK CANNABIS Marks** at issue in this action are counterfeit composite marks, which copy two iconic federally registered trademarks and services marks owned by the City. Annexed hereto to Exhibit "A" is the City's proposed Intervenor Complaint.

5. The City seeks a declaration that Lopez has no right on the **NYC NEW YORK CANNABIS Marks** at issue in this action and dismissal of Lopez's claims in this action with prejudice.

6. The City is the plaintiff in a pending action in this Court against Lopez, which is captioned City of New York v. Robert G. Lopez, No. 21 Civ. 7862 (JPO) (OTW), for trademark

2

counterfeiting, false designation of origin, and unfair competition under the federal Lanham Act, and associated common law and statutory claims under New York state law, based upon Lopez's willful infringement, branding and promotion of cannabis-related goods and services using spurious marks that are virtually identical and substantially indistinguishable from several of the City's most recognizable and iconic trademarks.

7. As illustrated by the side-by-side comparison below, Lopez has copied several well-known federally registered trademarks and service marks owned by the City to create various NYC NEW YORK CANNABIS marks, including "NYC direct", "NYC New York Cannabis", and "New York Cannabis Department of Cultivation.

| The City's Registered Marks | Dft.'s NYC New York Cannabis Marks |
|---|---|
| | |
|  City of New York Parks & Recreation |  New York Cannabis |
| | |

3



8.. The City owns valid and subsisting federal registrations in a number of classes covering souvenir merchandise and other goods and services for trademarks and service marks used by City agencies, including the NYC Department of Parks and Recreation (hereinafter referred to as the "City Registered Marks"), all of which have been and continue to be in use in commerce, as follows:

| USPTO Reg. No. | Mark | Issue Date | Goods/Services |
|---|---|---|---|
| 3668124 | NYC | 8/19/2009 | Class 35 - Promoting business and tourism in the New York metropolitan area, namely, promoting the services of others in the fields of tourism, conventions, restaurants, retail stores, cultural activities, business and business investment in New York City through the distribution of printed, video, online, and audio promotional materials, press releases, press conferences, and the rendering of sales promotion advice; providing promotion of special events<br><br>Class 41 - Entertainment, namely, production and presentation of events in the nature of live show performances, live music concerts, live |

4

| | | | |
|---|---|---|---|
| | | | musical performances and cultural events |
| 3858973 | NYC | 10/12/2010 | Class 25 - Clothing; namely, caps, t-shirts and sweatshirts |
| 3921788 | NYC | 2/22/2011 | Class 28 - Toys and sporting goods, namely, toy model cars, stuffed toy animals, toy dolls and accessories therefor, articulated toy figurines, toy banks, and Christmas tree ornaments |
| 4661895 | NYC | 12/30/2014 | Class 35 - Providing on-line web directory services featuring hyperlinks to the websites of municipal service agencies and departments of the City of New York |

5

| 3122929 | <br>City of New York<br>Parks & Recreation | 8/1/2006 | Class 25 – Clothing, namely t-shirts, sweatshirts, and baseball caps<br><br>Class 41 -- Education and entertainment services in the field of providing recreational park services and providing facilities for recreation activities |
|---|---|---|---|
| 3386271 | <br>City of New York<br>Parks & Recreation | 2/19/2008 | Class 28 - Toys and sporting goods, namely, toy model cars, stuffed toy animals, toy dolls and accessories, articulated toy figurines, toy banks, and Christmas tree ornaments |
| 3780909 | | 4/27/2010 | Class 25 - Clothing, namely, t-shirts, sweatshirts, rain jackets and slickers, and baseball caps<br><br>Class 41 -Education and entertainment services in the field of providing recreational park services and providing facilities for recreation activities |
| 3221347 | CENTRAL PARK | 3/27/2007 | Class 19 - Non-luminous, non-mechanical signs made out of laminated plastic |

| 3221348 | | 3/27/2007 | Class 19 - Non-luminous, non-mechanical signs made out of laminated plastic |
|---|---|---|---|
| | PROSPECT PARK | | |

9. The **NYC** chunky block letter mark used by Lopez utilizes a proprietary font that was created specifically for the exclusive use of the City. The cannabis leaf used by Lopez mimics the City's iconic Park Leaf logo used by the Department of Parks and Recreation. Both the **NYC** mark and the Park Leaf mark (collectively, the "City's Registered Marks") are registered with the USPTO under Section 2(f) of the Lanham Act based on their acquired distinctiveness and secondary meaning as source identifiers for goods and services originating with the City, and such registrations are incontestable.

10. Lopez created the **NYC NEW YORK CANNABIS Marks** at issue in this action by copying two of the City's most recognizable and iconic trademarks, as illustrated in the chart below:.

| The City's Registered Marks | Lopez's NYC New York Cannabis Marks |
|---|---|
| **NYC** | **NYC** |



City of New York
Parks & Recreation



New York Cannabis

11.     On December 22, 2021, Judge Oetken granted the City's motion for a preliminary injunction and enjoined Lopez from using his **NYC NEW YORK CANNABIS Marks**, finding that the marks are counterfeit and spurious. See City of New York v. Lopez, No. 21 Civ. 7862 (JPO), 2021 WL 6063839, 2021 U.S. Dist. LEXIS 243449 (S.D.N.Y. Dec. 22, 2021). Lopez was specifically enjoined from, among other things, "[u]sing the **NYC NEW YORK CANNABIS** trademarks and/or service marks, or any reproduction, counterfeit, copy, or colorable imitation of the City Trademarks for and in connection with any goods or services, or their promotion or packaging, not authorized by [the City]." Id., 2021 U.S. Dist. LEXIS 243449, at *12-13.

12.     Lopez filed an appeal, which was terminated on May 10, 2022 for lack of prosecution on his part. The Court subsequently granted the City's motion to dismiss an alleged counterclaim for abuse of process and twenty-two (22) affirmative defenses alleged by Lopez. See City of New York v. Lopez, No. 21 Civ. 7862 (JPO), 2023 U.S. Dist. LEXIS 139289 (S.D.N.Y. Aug. 9, 2023). The preliminary injunction remains in effect.

13.     In his First Amended Complaint ("FAC") in this action (ECF Doc. 16), Lopez alleges and therefore has judicially admitted that he is continuing to use the **NYC NEW YORK CANNABIS Marks** in connection with a variety of goods and services, including snapback hats, hoodies, t-shirts, decals and stickers, and pouches for cannabis, and for trademark licensing and

8

cannabis-related business consulting services to third parties. Specifically, in paragraph 21 of the FAC, Lopez alleges:

> Plaintiff uses his **NYC NEW YORK CANNABIS** mark and designs in connection with the sale and offering of various goods and services, including but not limited to event planning, event advertising and promotions, music, music video and entertainment hosting, cannabis business and educational workshop events related to the cannabis industry, etc. Plaintiff advertises his various goods and services under the **NYC NEW YORK CANNABIS** marks through the distribution of print flyers, informational one sheets, event flyers, social media postings, through Plaintiff's website and at event and entertainment gatherings that occur primarily in New York City at Plaintiff's flagship store location and at other venues. Plaintiff also uses his **NYC NEW YORK CANNABIS** trademarked and copyrighted Logo designs on product and service invoices, business cards, product menus, product disclaimers, promotional giveaway products, vinyl stickers, posters, art canvasses, vehicle magnets, store signage, product packaging materials, clothing hangtags, t-shirts, hoodies, sweat suits, caps, etc. just to name a few.

Thus, it clearly appears that Lopez is willfully and knowingly violating the terms of the preliminary injunction.

14.     Lopez used the **NYC NEW YORK CANNABIS Marks** at issue ibn this action as the basis for another trademark infringement action that he filed against eight other defendants. Those claims were dismissed and/or discontinued by Lopez after the City was allowed to intervene. See Lopez v. Cookies SF, LLC, No. 21-cv-5002 (RA), 2022 WL 4539710 (S.D.N.Y. Sept. 28, 2022). This case is no different.

15.     Lopez uses trademark and copyright litigation to extort nuisance settlements for himself and his "clients" based on meritless claims. He is not a lawyer, and he apparently either does not understand – or more likely intentionally chooses to ignore – the critical differences in rights protectable by trademarks and copyrights. He burdens the Court and innocent parties with frivolous claims and his misuse of the judicial system constitutes a pubic nuisance.

9

16      .Professionally known as "TradeMarkRob", Lopez claims to have "20+ years of experience as an intellectual property consultant and has extensive knowledge and experience in all aspects of brand ownership that include brand registration and brand enforcement *through the commencement of litigation*." https://www.trademarkrob.com/ (emphasis added) (last visited 5.9.2024). According to his website, he "has managed and overseen the commencement of brand enforcement litigation in at least 46 infringement actions filed in Federal Court, naming over 150 defendants, including cases filed against Supreme, Adidas, Nike, Puma, Macy's, Forever 21, Instagram, Shopify, etc."

17.     Lopez has commenced more than forty (40) trademark infringement actions on behalf of himself in this Court since 2016 as a *pro se* plaintiff and he has filed many more *pro se* actions for "clients" he represents, although his participation is not disclosed on the record.[1] Lopez also has represented himself and others in numerous proceedings before the United States Patent & Trademark Office ("USPTO")'s Trademark Trial and Appeal Board. In short, Lopez is brazenly practicing law without a license, which is a Class E felony under NYS Education Law § 6512, and/or a misdemeanor under Judiciary Law §§ 478, 484; 485 and 485-a.

---

[1] Lopez maintains Instagram accounts under the names "trademarkrobnyc" and "rglconsultinggroup" wherein he has posted images of several different complaints he has filed in this Court on behalf of his "clients", as well as copies of confidential settlement communications with opposing counsel. See, e.g., https://www.instagram.com/p/CvvNeEARmoV/?hl=en (complaint) and https://www.instagram.com/p/B13bP_1Ihh4D/?hl=en (settlement communication) (lasted visited 5.9.2024). He also frequently boasts about sending and responding to cease and desist letters for his clients. E.g., https://www.instagram.com/p/BKGqk8CihgLY/?hl=en ("we regularly respond to bogus #CeaseAndDesist letters from major law firms and back them down regarding bogus allegations of #Infringement - - in this case BEYONCE's attorneys sent one of my clients a "Cease-And-Desist" letter so I'm here giving probably a Harvard or Yale graduate the 101 on trademark law as it applies to this particular situation and in essence telling him to kick rocks...9 times out of 10 my response resolves the matter as they know their not dealing with no dummy...").

18.     The City is seeking the following relief by way of intervention: (i) a declaratory judgment that Lopez has no protectable or exclusive rights in the trademarks at issue because such marks as used by him are merely descriptive and/or geographically descriptive and because Lopez has ceased using the marks in commerce and presumptively abandoned the marks; (ii) a declaratory judgement declaring that the copyrights at issue are invalid and have not been infringed; and (iii) an order enjoining Lopez from using the marks at issue as a basis to commence any more trademark or copyright infringement actions without leave of Court.

19.     This action is in its infancy and no discovery has taken place. Defendants Eventbrite, Inc. and Meta Platforms, Inc. have been served and have appeared, but issue has not been joined by either defendant to date.  Both defendants' time to file an answer has been extended to June 6, 2024 (ECF Docs. 18 and 20).  Accordingly, this motion is timely and there can be no claim of undue delay or prejudice from granting the City's motion to intervene.

15.     Denial of the City's application to intervene, on the other hand, may result in inconsistent verdicts, and inefficient use of judicial resources and may impair, impede and hinder the City's protection and enforcement of its superior and incontestable rights in the City Marks as alleged in the proposed Intervenor Complaint.

16.     The existing parties have no interest in protecting the City's interests in this action. The existing defendants are in the cannabis business; the City is not.  The existing defendants are not licensees of the City's trademarks and are not in privity with the City.  Plaintiff Lopez is clearly adverse to the City, inasmuch as the City contends that Lopez is willfully counterfeiting and infringing upon the City's federally registered trademarks.  Such facts clearly suffice to show that the existing parties may not adequately represent and protect the City's interests.

17.     The claims alleged by Lopez in this action also "share a common question of law or fact. defense" with the claims asserted by the City against Lopez in the City's pending infringement action against Lopez, which concerns the same marks.  Accordingly, public policy considerations and judicial economy warrant allowing permissive intervention.

18.     Based on the foregoing, The City respectfully requests that the Court issue and order allowing the City to intervene in this action pursuant to Rule 24, either as of right or by permission, amending the caption to read as follows:

Executed at New York, New York, on May 13, 2024.

_____
Gerald E. Singleton

12

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ROBERT G. LOPEZ, an Individual,

                                             Plaintiff,

                   v.-

EVENTBRITE, INC.,
META PLATFORMS, INC., and
JOHN DOES 1-3,

                                  Defendants.

**ECF CASE.**

24 CIV. 1544-GHW-SDA

**INTERVENOR COMPLAINT**

_____

CITY OF NEW YORK,

                             Intervenor-Plaintiff,

                   v.-

ROBERT G. LOPEZ,

               Plaintiff and Intervenor-Defendant.

----------------------------------------------------------------------X

        Intervenor-Plaintiff, City of New York (the "City"), by its attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for its Intervenor Complaint against Plaintiff and Intervenor-Defendant Robert G. Lopez ("Lopez"), alleges as follows:

## NATURE OF ACTION

1.    By way of intervention, the City seeks a declaratory judgment declaring that Lopez has no ownership interest or exclusive rights in the **NYC NEW YORK CANNABIS** marks alleged in the main action. The City has filed an action against Lopez, which is pending in this Court and captioned _City of New York v. Robert G. Lopez_, No. 21 Civ. 7862 (JPO) (OTW) (the

1

"City Trademark Infringement Action"), for trademark counterfeiting, false designation of origin, and unfair competition under the federal Lanham Act, and associated common law and statutory claims under New York state law, based upon Lopez's willful infringement of trademarks and service marks owned by the City in connection with his branding and promotion of cannabis-related goods and services using spurious marks that are virtually identical and substantially indistinguishable from several of the City's most recognizable and iconic trademarks.

2.    On December 21, 2021, Judge Oetken issued a preliminary injunction in the City Trademark Infringement Action (ECF Doc. 44), enjoining Lopez's continued use of his alleged **NYC NEW YORK CANNABIS** marks as described in this action.

3.    As illustrated by the side-by-side comparison below, Lopez has copied federally registered trademarks and service marks owned by the City to create his **NYC NEW YORK CANNABIS** marks and design logos (collectively referred to hereinafter as the "**NYC NEW YORK CANNABIS Marks**").

| The City's Registered Marks | Dft.'s NYC New York Cannabis Marks |
|---|---|
| | |

2



City of New York
Parks & Recreation



New York Cannabis

4.    Lopez's use of virtually identical iterations of the City's registered marks is actionable as trademark infringement because an appreciable number of consumers will mistakenly believe that Lopez's goods and services are sponsored, endorsed and/or affiliated with the City and because the use of such spurious marks will tarnish and dilute the acquired distinctiveness and value of the City's registered marks.

5.    Lopez has a history of copying and mimicking well-known trademarks in order to capitalize and trade upon the goodwill associated with such marks; and he currently sells a number of different snap-back hats bearing marks that closely resemble iconic trademarks owned by third parties, such as I ♥ NY, the S.F. Giants, the NFL, the Los Angeles Lakers, the Olympics, and the Las Vegas Welcome sign.

6.    Lopez does not deny his slavish copying the City's marks to create his **NYC NEW YORK CANNABIS Marks**, but instead, citing 20+ years of experience as a non-lawyer managing intellectual property, has frivolously asserted that his liberal borrowing and blatant adulteration of the City's iconic marks is permissible and defensible as "fair use" and "parody."

## PARTIES

7.    Intervenor-Plaintiff City is a municipal corporation organized pursuant to the laws of the State of New York, with its principal offices in the State of New York, County of New York.

3

8.    Plaintiff and Intervenor-Defendant Lopez is a citizen and resident of the State of New York, County of New York, residing at 210 Stanton Street, Apt. 218, New York, NY 10002, and an online store at www.lesclothing.com and www.nyc-cannabis537.nyc.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367 and 2201.

10.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS

**The City's Federally Registered Marks**

11.    The City has a direct, substantial and legally protectable interest in the subject matter of this action.

12.    The City owns valid and subsisting federal registrations for trademarks and service marks in a number of classes covering souvenir merchandise and other goods (collectively referred to as the "City Marks"), as follows:

| USPTO Reg. No. | Mark | Issue Date | Goods/Services |
|---|---|---|---|
| 3668124 | NYC | 8/19/2009 | Class 35 - Promoting business and tourism in the New York metropolitan area, namely, promoting the services of others in the fields of tourism, conventions, restaurants, retail stores, cultural activities, business and business investment in New York City through the distribution of printed, video, online, and audio promotional materials, press releases, press conferences, and the rendering of sales promotion advice; providing promotion of special events<br><br>Class 41 - Entertainment, namely, production and presentation of events in the nature of live show performances, live music concerts, live |

4

| | | | |
|---|---|---|---|
| | | | musical performances and cultural events |
| 3858973 | NYC | 10/12/2010 | Class 25 - Clothing; namely, caps, t-shirts and sweatshirts |
| 3921788 | NYC | 2/22/2011 | Class 28 - Toys and sporting goods, namely, toy model cars, stuffed toy animals, toy dolls and accessories therefor, articulated toy figurines, toy banks, and Christmas tree ornaments |
| 4661895 | NYC | 12/30/2014 | Class 35 - Providing on-line web directory services featuring hyperlinks to the websites of municipal service agencies and departments of the City of New York |

5

| 3122929 |

City of New York
Parks & Recreation | 8/1/2006 | Class 25 — Clothing, namely t-shirts, sweatshirts, and baseball caps

Class 41 -- Education and entertainment services in the field of providing recreational park services and providing facilities for recreation activities |
| 3386271 |

City of New York
Parks & Recreation | 2/19/2008 | Class 28 - Toys and sporting goods, namely, toy model cars, stuffed toy animals, toy dolls and accessories, articulated toy figurines, toy banks, and Christmas tree ornaments |
| 3780909 | | 4/27/2010 | Class 25 - Clothing, namely, t-shirts, sweatshirts, rain jackets and slickers, and baseball caps

Class 41 -Education and entertainment services in the field of providing recreational park services and providing facilities for recreation activities |
| 3221347 | | 3/27/2007 | Class 19 - Non-luminous, non-mechanical signs made out of laminated plastic |

| 3221348 | PROSPECT PARK | 3/27/2007 | Class 19 - Non-luminous, non-mechanical signs made out of laminated plastic |
|---|---|---|---|

13. U.S. Reg. No. 3668124; 3858973; 3921788; 4661895; 3122929; 3386271; 3780909; 3221347 and 3221348 are incontestable pursuant to U.S.C. § 1065.

14. The City Marks and the associated common law rights have been used continuously by the City and its authorized licensees.

15. The City Marks are inherently distinctive and/or have acquired distinctiveness and secondary meaning by reason of the City's long-standing use and promotion of such marks.

16. The City operates and maintains an extensive merchandise licensing program, administered by the NYC & Company as the exclusive agent for the licensing of all of the City's various trademarks, pursuant to which a wide variety of officially licensed souvenir merchandise bearing the City Marks, including the registered marks shown above, is sold to the general public.

17. At all relevant times, Lopez was aware of the City's ownership and claimed exclusive rights in the City Marks for goods and services.

**Lopez's Use of the NYC NEW YORK CANNABIS Marks**

18. At all relevant times, Lopez was aware that the City's was selling t-shirts and other merchandise bearing the City Marks.

19. Upon information and belief, in late November or early December 2020, Lopez first began offering and selling t-shirts, hoodies and caps bearing the **NYC NEW YORK CANNABIS Marks.**

20. Lopez knowingly copied the City Marks in creating his **NYC NEW YORK CANNABIS Marks.**

21. Lopez is using the **NYC NEW YORK CANNABIS Marks** as trademarks and/or service marks to identify the source and origin of goods and services associated with such marks.

22. Upon information and belief, sometime in 2018, Lopez began operating a retail store located at 40 Clinton Street, New York, NY 10002, selling clothing and apparel under the name LES Clothing Co.

23. Upon information and belief, in March 2020, Lopez closed the retail store at 40 Clinton Street, New York NY 1002 due to the Covid-19 pandemic.

24. Upon information and belief, in November 2020, Lopez reopened the retail store at 40 Clinton Street, New York NY 10002.

25. Upon information and belief, in or about January 2022, Lopez closed the retail store at 40 Clinton Street, New York NY 10002 and it remains closed..

26. Upon information and belief, Lopez has used social media, including Facebook and Instagram, to promote the **NYC NEW YORK CANNABIS Marks.**

27. Upon information and belief, Lopez has given away free marijuana to purchasers of goods bearing the **NYC NEW YORK CANNABIS Marks.**

28. On May 19, 2021, Lopez registered a domain name for a website at www.nyc-cannabis537.nyc, through which he operated an online store selling t-shirts and snapback hats bearing the **NYC NEW YORK CANNABIS Marks**, including a t-shirt with a mashup of logos on the back of the shirt that are substantially similar to the City's Marks.

29. On February 29, 2024, Lopez filed the complaint in this action, claiming infringement of his alleged **NYC NEW YORK CANNABIS Marks**, which complaint contains

8

copies of New York State trademark and service mark registrations as described below that have been issued to Lopez.

**Lopez's New York State Trademark and Service Mark Registrations**

30.    Lopez was issued New York state trademark registration, R 33743, on December 15, 2020, with a claimed date of first use of November 14, 2020, in Class 25, for goods ("hoodies, sweaters, caps and t-shirts"), bearing the following mark:



31.    Lopez was issued New York State service mark registration, S 25230, on April 8, 2021, with a claimed date of first use of November 23, 2020, in Class 35, for services ("advertising the brands, goods and services of others; business management and consultation services; providing online business information and news on cannabis products, services and legal developments"), under the following mark:



New York Cannabis

32.    Lopez was issued New York State service mark registration, S 25231, on April 8, 2021, with a claimed date of first use of November 23, 2020, in Class 39, for services ("education and entertainment services, namely, providing a website featuring information in the nature of current news and events on cannabis, the cannabis industry and products containing cannabis products, services and legal developments"), under the following mark:

9



New York Cannabis

## Lopez's Applications for Federal Trademark and Service Mark Registrations

33.    On May 26, 2021, Lopez filed an application with the USPTO (Serial No. 90/736151) to register the mark shown below as a service mark in International Class 39, with a claimed date of first use in commerce of May 1, 2021, for the following services: "Delivery of Smoking accessories and devices, namely, rolling papers, rolling machines, rolling trays, grinders, smoking pipes, pocket machines for rolling cannabis, lighters, ashtrays, vape pens, smoking pipes and cannabis product menus.; Transport and delivery of goods."



34.    On May 31, 2021, Lopez filed an application with the USPTO (Serial No. 90/745372) to register the mark shown below as a service mark in International Class 45, with a claimed date of first use in commerce of December 27, 2020, for the following services: Licensing of intellectual property in the field of trademarks and copyrights; "Licensing of intellectual property rights."



10

Case 1:24-cv-01544-JPO-OTW    Document 1    Filed 05/13/24    Page 11 of 16

35.     Lopez's **NYC NEW YORK CANNABIS Marks** are counterfeit marks within the meaning of the Lanham Act. In that the marks are spurious designations that are virtually identical to and substantially indistinguishable from the registered City Marks.

36.     Prior to the entry of the preliminary injunction in the City Trademark Infringement Action, Lopez, through both his so-called "flagship" retail shop at 40 Clinton Street, New York, New York 10002, and his online stores at www.lesclothing.com and www.nyc-cannabis537.nyc, marketed, sold and distributed a variety of merchandise bearing the **NYC NEW YORK CANNABIS Marks**, including t-shirts, hoodies, snap-back hats, and vinyl stickers.

37.     Prior to the entry of the preliminary injunction in the City Trademark Infringement Action, Lopez used Facebook and Instagram accounts at www.facebook.com/LESClothingCo and www.instagram.com/nyc.cannabis.537/, to promote the sale of clothing bearing the **NYC NEW YORK CANNABIS Marks.**

38.     Upon information and belief, Lopez has licensed the **NYC NEW YORK CANNABIS Marks** to third party companies to be used on various goods and services under his direct control and authorization.

39.     Lopez's use of the **NYC NEW YORK CANNABIS Marks** constitutes trademark infringement under Section 32 (1) (a) and (b) of the Lanham Act, 15 U.S.C. § 1114 (1)(a), and (b), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade, including "initial interest confusion", as to the source, origin, endorsement, sponsorship and approval of Lopez's advertising, marketing, promoting producing, offering for sale and selling goods and services bearing such marks.

40.     Lopez's use of the **NYC NEW YORK CANNABIS Marks** in interstate commerce in connection with the marketing, distribution and sale of goods and services not approved by the

11

City constitutes a false designation of origin and/or a false description or representation, including words or symbols tending falsely to describe or represent the same, actionable under Sections 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     Lopez's unauthorized and infringing use of the **NYC NEW YORK CANNABIS Marks** also constitutes misappropriation and infringement of the City Marks under the common law of unfair competition.

## FIRST CLAIM FOR RELIEF

42.     The City repeats and re-alleges the allegations contained in paragraphs 1 through 41 as if set forth at length here.

43.     There is a justiciable controversy between the City and Lopez concerning their respective rights with regard to Lopez's use of the **NYC NEW YORK CANNABIS Marks.**

44.     The City has a significant protectable interest in the City Marks.

45.     The existing parties to this litigation do not have a protectable interest in the City Marks.

46.     The City is entitled to a declaratory judgment in this action declaring that Lopez's **NYC NEW YORK CANNABIS Marks** are counterfeit marks and further declaring that Lopez has no exclusive right to use the words NYC NEW YORK CANNABIS, either singly or in combination, as a trademark or service mark for cannabis-related goods or services because such marks are merely descriptive and/or primarily geographically descriptive as so used.

_////_

_//_

## SECOND CLAIM FOR RELIEF

47.     The City repeats and re-alleges the allegations contained in paragraphs 1 through 46 as if set forth at length here.

48.     As alleged in paragraphs 35 through 45 of the First Amended Complaint in this action (ECF Doc. 16), Lopez filed for and obtained copyright registrations for photographs of the **NYC NEW YORK CANNABIS Marks,** and various items bearing such mark.

49.     There is a justiciable controversy between m the parties as to whether the aforesaid copyright registrations grant Lopez any rights to use the **NYC NEW YORK CANNABIS Marks** in commerce, other than as photographs of infringing uses of such marks.

50.     There is a justiciable controversy between m the parties as to whether the aforesaid copyright registrations can serve as a basis for a trademark infringement claim against third parties, including the defendant in this action..

51.     The City is entitled to  a declaratory judgment in t his action declaring that the aforesaid copyrights are invalid and cannot be used a s a basis for an infringement action based on the use of the **NYC NEW YORK CANNABIS Marks** in commerce.

## THIRD CLAIM FOR RELIEF

52.     The City repeats and re-alleges the allegations contained in paragraphs 1 through 51 as if set forth at length here.

53.     This action is the latest of more than 50 infringement actions that Lopez has filed in this court against third parties as a *pro se* plaintiff.

13

54.     Upon information and belief, plaintiff has never prevailed on the merits of any infringement claim that he has filed in this Court.

55.     Lopez has on numerous occasions failed to take required action, such as appearing for conference, filing papers, prosecting appeals, serving papers, keeping his contact information current, etc.

56.     Lopez also provides legal services and give legal advice t to client, including drafting and filing pleadings, sending and responding to cease and desist letters, and conducting settlement negotiations with adverse parties.

57.     Lopez is not admitted to practice law in any jurisdiction and is, in fact, practicing law without a license.

58.     Lopez's action, as heretofore described constitute a public nuisance in that he frequently pursues frivolous and/or objectively unreasonable claims that lack a sound fact or legal basis.

59.     By reason of the foregoing, Lopez should be enjoined from commencing any trademark or copyright infringement actions in this Court, without first obtaining leave of Court .

/

/

/

**WHEREFORE,** the City prays that this Court enter judgment  (i) declaring that Lopez has no rights in the **NYC NEW YORK CANNABIS Marks** at issue in this action; (ii) declaring that Lopez's alleged copyright registrations are invalid as a basis for pursing trademark infringement claims; (iii) enjoining Lopez from commencing trademark or copyright infringement actions in this Court, without first obtaining leave of Court; (iv) enjoining Lopez from practicing

law or giving legal advice to third parties regarding purported trademark or copyright interests or rights, without being duly admitted to practice law; (v) dismissing Lopez' claims in this action with prejudice;, and (vi) granting such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
May 13, 2024

> HON. SYLVIA O. HINDS RADIX
> Corporation Counsel of the
>   City of New York
> *Attorney for Intervenor-Plaintiff*
> 100 Church Street, Room 20-093
> New York, New York 10007
> Office:(212) 356-2036
> Fax; (212) 356-2038
> Cell: (917) 734-7906; (646) 830-1066
>
> By: _____
>           Gerald E. Singleton
>           Assistant Corporation Counsel

15

# EXHIBIT I

**OFFICE OF THE COMPTROLLER CITY OF NEW YORK**

## NOTICE OF CLAIM

### Claimant Information:

**Claimant's Name:**  Robert G. Lopez a/k/a TRADEMARKROB®  
www.trademarkrob.com

TEL. #: (917) 868-1698  
Email – Rob@trademarkrob.com

**Street Address:**  210 Stanton Street, Apt. #218  
New York, New York 10002

### Claim Information:

**City Agency(s) Involved:**  The City of New York, Gerald E. Singleton, Esq., and Hon. Sylvia O. Hinds-Radix, in their capacity as "Acting Corporation Counsel of the City of New York."

**Nature of Claim:**  On **May 13, 2024**, Gerald E. Singleton, Esq., in his capacity as Acting Assistant Corporation Counsel of the City of New York, did make libelous and defamatory statements against Claimant in the "Declaration of Gerald E. Singleton" which statements are "false" and have harmed the **reputation** and character of Claimant.

Paragraph 15 of Mr. Singleton's declaration falsely stated the following, "Lopez uses trademark and copyright litigation to extort nuisance settlements for himself and his "clients" based on meritless claims.," and "He burdens the Court and innocent parties with frivolous claims and his misuse of the judicial system constitutes a public nuisance."

The above statements made in Mr. Singleton's declaration are false and have damaged Claimant's reputation and character in his various fields of business. Mr. Singleton acted negligently in making such false statements without properly investigating whether the statements were true or false before making them. To the contrary of Mr. Singleton's false statement recited above, Claimant has never commenced any trademark or copyright action to **extort** "nuisance settlements" and every single action that Plaintiff has ever brought has been based on Claimant's valid and legally existing ownership rights in a trademark or copyright registration certificate that was issued and granted to Claimant by either a Federal or State governmental agency. Mr. Singleton's statement that Claimant "...burdens the Court and innocent parties with frivolous claims," is entirely false and no court or jury has ever found Claimant's lawsuits to be "frivolous."

Paragraph 17 of Mr. Singleton's declaration falsely stated the following, "...he [claimant] has filed many more pro se actions for "clients" he represents...," and "...Lopez is brazenly practicing law without a license, which is a Class E Felony..." The statements in Paragraph 17 of Mr. Singleton's May 13, 2024, declaration, are "false" as Claimant has **never** himself filed any action or document in Federal or State Court on behalf of any party other than himself and Mr. Singleton acted

negligently in making such false statements without properly investing whether the statements were true or false before making them.

The above false statements made by Mr. Singleton were made under and pursuant to a sworn statement as follows "I, GERALD E. SINGLETON, declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following statements are "true" and "correct":," but the statements were in fact false. See Exhibit A attached hereto.

Claimant will more thoroughly articulate his defamation claims in his complaint against the City of New York and its Acting Assistant Corporation Counsel, Gerald E. Singleton, Esq.

Total Amount Claimed:        Claimant will settle the defamation claims in this matter for five million dollars $5,000,000.00.

Claimant's Signature:

_____
Robert G. Lopez

SS: STATE OF NEW YORK
    CITY OF NEW YORK

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 24th DAY
OF JUNE, 20 24

_____
NOTARY

STEVEN T HO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HO6233947
Qualified In Queens County
My Commission Expires January 03

To:  Office of the Comptroller
Division of Law – Room 1225 South
1 Centre Street
New York, New York 10007
(212) 669-4736

(Exhibit A is attached to this NOTICE OF CLAIM)

2

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------)

ROBERT G. LOPEZ, an Individual,

                       Plaintiff,

               v.-

EVENTBRITE, INC.,
META PLATFORMS, INC., and
JOHN DOES 1-3,

                    Defendants.

**ECF CASE**

24 CIV. 1544-GHW-SDA

**DECLARATION OF
GERALD E. SINGLETON**

CITY OF NEW YORK,

                    Intervenor-Plaintiff,

               v.-

ROBERT G. LOPEZ,

                 Plaintiff and Intervenor-Defendant.

I, **GERALD E. SINGLETON**, declare under penalty of perjury, pursuant to 28 U.S.C. §
1746, that the following statements are true and correct:

1.      I am a Senior Counsel in the Affirmative Litigation Division of the New York City
Law Department and am lead attorney for proposed Intervenor-Plaintiff, the City of New York
(the "City"). I have been employed by the City since 2005 and am responsible for, among other
things, protecting the City's intellectual property and enforcing the City's trademark rights. I have

personal knowledge of the facts set forth herein and submit this declaration in support of the City's motion to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure.

2.      On this motion, the City seeks an order allowing it to intervene as of right pursuant to Fed. R. Civ. P. Rule 24 (a)(2) or, alternatively, allowing permissive intervention pursuant to Rule 24 (b).

3.      In this action, Plaintiff Robert G. Lopez ("Lopez") alleges that he owns federal trademark applications, New York state trademarks and service marks registrations, and numerous copyright registrations for photographs depicting sundry uses of the mark and design logo, **NYC NEW YORK CANNABIS** (collectively referred to hereinafter as the "**NYC NEW YOR CANNABIS Marks**"), as a brand for cannabis-related goods and services.  Lopez has asserted claims against the defendants for statutory and common trademark infringement and unfair competition, and copyright infringement based on an unnamed party's apparently isolated and single use of the mark on a flyer and tickets for cannabis cruise. See First Amended Complaint, ECF Doc. 16. Lopez filed this action on February 29, 2024 (ECF Doc.1)..

4.      The City has a direct, substantial, protectable interest in this litigation.  The **NYC NEW YORK CANNABIS Marks** at issue in this action are counterfeit composite marks, which copy two iconic federally registered trademarks and services marks owned by the City. Annexed hereto to Exhibit "A" is the City's proposed Intervenor Complaint.

5.      The City seeks a declaration that Lopez has no right on the **NYC NEW YORK CANNABIS Marks** at issue in this action and dismissal of Lopez's claims in this action with prejudice.

6.      The City is the plaintiff in a pending action in this Court against Lopez, which is captioned City of New York v. Robert G. Lopez, No. 21 Civ. 7862 (JPO) (OTW), for trademark

2

counterfeiting, false designation of origin, and unfair competition under the federal Lanham Act, and associated common law and statutory claims under New York state law, based upon Lopez's willful infringement, branding and promotion of cannabis-related goods and services using spurious marks that are virtually identical and substantially indistinguishable from several of the City's most recognizable and iconic trademarks.

7.      As illustrated by the side-by-side comparison below, Lopez has copied several well-known federally registered trademarks and service marks owned by the City to create various NYC NEW YORK CANNABIS marks, including "NYC direct", "NYC New York Cannabis", and "New York Cannabis Department of Cultivation.

| The City's Registered Marks | Dft.'s NYC New York Cannabis Marks |
|---|---|
| **NYC** | **NYC** direct |
| (maple leaf in circle emblem) | (faint circular emblem) |
| (New York City Department of Sanitation seal) | (New York Cannabis Department of Cultivation seal) |



8..   The City owns valid and subsisting federal registrations in a number of classes covering souvenir merchandise and other goods and services for trademarks and service marks used by City agencies, including the NYC Department of Parks and Recreation (hereinafter referred to as the "City Registered Marks"), all of which have been and continue to be in use in commerce, as follows:

| USPTO Reg. No. | Mark | Issue Date | Goods/Services |
|---|---|---|---|
| 3668124 | NYC | 8/19/2009 | Class 35 - Promoting business and tourism in the New York metropolitan area, namely, promoting the services of others in the fields of tourism, conventions, restaurants, retail stores, cultural activities, business and business investment In New York City through the distribution of printed, video, online, and audio promotional materials, press releases, press conferences, and the rendering of sales promotion advice, providing promotion of special events<br><br>Class 41 - Entertainment, namely, production and presentation of events in the nature of live show performances, live music concerts, live |

| | | | musical performances and cultural events |
|---|---|---|---|
| 3858973 | NYC | 10/12/2010 | Class 25 - Clothing; namely, caps, t-shirts and sweatshirts |
| 3921788 | NYC | 2/22/2011 | Class 28 - Toys and sporting goods, namely, toy model cars, stuffed toy animals, toy dolls and accessories therefor, articulated toy figurines, toy banks, and Christmas tree ornaments |
| 4661895 | NYC | 12/30/2014 | Class 35 - Providing on-line web directory services featuring hyperlinks to the websites of municipal service agencies and departments of the City of New York |

| 3122929 |  City of New York  Parks & Recreation | 8/1/2006 | Class 25 -- Clothing, namely t-shirts, sweatshirts, and baseball caps  Class 41 -- Education and entertainment services in the field of providing recreational park services and providing facilities for recreation activities |
|---|---|---|---|
| 3386271 |  City of New York  Parks & Recreation | 2/19/2008 | Class 28 - Toys and sporting goods, namely, toy model cars, stuffed toy animals, toy dolls and accessories, articulated toy figurines, toy banks, and Christmas tree ornaments |
| 3780909 | | 4/27/2010 | Class 25 - Clothing, namely, t-shirts, sweatshirts, rain jackets and slickers, and baseball caps  Class 41 -Education and entertainment services in the field of providing recreational park services and providing facilities for recreation activities |
| 3221347 | CENTRAL PARK | 3/27/2007 | Class 19 - Non-luminous, non-mechanical signs made out of laminated plastic |

6

| 3221348 | PROSPECT PARK | 3/27/2007 | Class 19 - Non-luminous, non-mechanical signs made out of laminated plastic |
|---------|--------------|-----------|---------|

9. The **NYC** chunky block letter mark used by Lopez utilizes a proprietary font that was created specifically for the exclusive use of the City. The cannabis leaf used by Lopez mimics the City's iconic Park Leaf logo used by the Department of Parks and Recreation. Both the **NYC** mark and the Park Leaf mark (collectively, the "City's Registered Marks") are registered with the USPTO under Section 2(f) of the Lanham Act based on their acquired distinctiveness and secondary meaning as source identifiers for goods and services originating with the City, and such registrations are incontestable.

10. Lopez created the **NYC NEW YORK CANNABIS Marks** at issue in this action by copying two of the City's most recognizable and iconic trademarks, as illustrated in the chart below:.

| The City's Registered Marks | Lopez's NYC New York Cannabis Marks |
|-----------------------------|-------------------------------------|
| NYC | |

7



11. On December 22, 2021, Judge Oetken granted the City's motion for a preliminary injunction and enjoined Lopez from using his **NYC NEW YORK CANNABIS Marks**, finding that the marks are counterfeit and spurious. See City of New York v. Lopez, No. 21 Civ. 7862 (JPO), 2021 WL 6063839, 2021 U.S. Dist. LEXIS 243449 (S.D.N.Y. Dec. 22, 2021). Lopez was specifically enjoined from, among other things, "[u]sing the **NYC NEW YORK CANNABIS** trademarks and/or service marks, or any reproduction, counterfeit, copy, or colorable imitation of the City Trademarks for and in connection with any goods or services, or their promotion or packaging, not authorized by [the City]." Id., 2021 U.S. Dist. LEXIS 243449, at *12-13.

12. Lopez filed an appeal, which was terminated on May 10, 2022 for lack of prosecution on his part. The Court subsequently granted the City's motion to dismiss an alleged counterclaim for abuse of process and twenty-two (22) affirmative defenses alleged by Lopez. See City of New York v. Lopez, No. 21 Civ. 7862 (JPO), 2023 U.S. Dist. LEXIS 139289 (S.D.N.Y. Aug. 9, 2023). The preliminary injunction remains in effect.

13. In his First Amended Complaint ("FAC") in this action (ECF Doc. 16), Lopez alleges and therefore has judicially admitted that he is continuing to use the **NYC NEW YORK CANNABIS Marks** in connection with a variety of goods and services, including snapback hats, hoodies, t-shirts, decals and stickers, and pouches for cannabis, and for trademark licensing and

cannabis-related business consulting services to third parties. Specifically, in paragraph 21 of the FAC, Lopez alleges:

> Plaintiff uses his **NYC NEW YORK CANNABIS** mark and designs in connection with the sale and offering of various goods and services, including but not limited to event planning, event advertising and promotions, music, music video and entertainment hosting, cannabis business and educational workshop events related to the cannabis industry, etc. Plaintiff advertises his various goods and services under the **NYC NEW YORK CANNABIS** marks through the distribution of print flyers, informational one sheets, event flyers, social media postings, through Plaintiff's website and at event and entertainment gatherings that occur primarily in New York City at Plaintiff's flagship store location and at other venues. Plaintiff also uses his **NYC NEW YORK CANNABIS** trademarked and copyrighted Logo designs on product and service invoices, business cards, product menus, product disclaimers, promotional giveaway products, vinyl stickers, posters, art canvasses, vehicle magnets, store signage, product packaging materials, clothing hangtags, t-shirts, hoodies, sweat suits, caps, etc. just to name a few.

Thus, it clearly appears that Lopez is willfully and knowingly violating the terms of the preliminary injunction.

14.    Lopez used the **NYC NEW YORK CANNABIS Marks** at issue ibn this action as the basis for another trademark infringement action that he filed against eight other defendants. Those claims were dismissed and/or discontinued by Lopez after the City was allowed to intervene. See Lopez v. Cookies SF, LLC, No. 21-cv-5002 (RA), 2022 WL 4539710 (S.D.N.Y. Sept. 28, 2022). This case is no different.

15.    Lopez uses trademark and copyright litigation to extort nuisance settlements for himself and his "clients" based on meritless claims. He is not a lawyer, and he apparently either does not understand – or more likely intentionally chooses to ignore – the critical differences in rights protectable by trademarks and copyrights. He burdens the Court and innocent parties with frivolous claims and his misuse of the judicial system constitutes a pubic nuisance.

16     .Professionally known as "TradeMarkRob", Lopez claims to have "20+ years of experience as an intellectual property consultant and has extensive knowledge and experience in all aspects of brand ownership that include brand registration and brand enforcement *through the commencement of litigation.*" https://www.trademarkrob.com/ (emphasis added) (last visited 5.9.2024). According to his website, he "has managed and overseen the commencement of brand enforcement litigation in at least 46 infringement actions filed in Federal Court, naming over 150 defendants, including cases filed against Supreme, Adidas, Nike, Puma, Macy's, Forever 21, Instagram, Shopify, etc."

17.     Lopez has commenced more than forty (40) trademark infringement actions on behalf of himself in this Court since 2016 as a *pro se* plaintiff and he has filed many more *pro se* actions for "clients" he represents, although his participation is not disclosed on the record.[1] Lopez also has represented himself and others in numerous proceedings before the United States Patent & Trademark Office ("USPTO")'s Trademark Trial and Appeal Board. In short, Lopez is brazenly practicing law without a license, which is a Class E felony under NYS Education Law § 6512, and/or a misdemeanor under Judiciary Law §§ 478, 484; 485 and 485-a.

---

[1]  Lopez maintains Instagram accounts under the names "trademarkrobnyc" and "rglconsultinggroup" wherein he has posted images of several different complaints he has filed in this Court on behalf of his "clients", as well as copies of confidential settlement communications with opposing counsel. See, e.g., https://www.instagram.com/p/CvvNeLARmoV/?hl=en (complaint) and https://www.instagram.com/p/B13bP_1Hbh4D/?hl=en (settlement communication) (lasted visited 5.9.2024). He also frequently boasts about sending and responding to cease and desist letters for his clients. E.g., https://www.instagram.com/p/BKCiqk8Ghgl_Y/?hl=en ("we regularly respond to bogus #CeaseAndDesist letters from major law firms and back them down regarding bogus allegations of #Infringement - - in this case BEYONCE's attorneys sent one of my clients a "Cease-And-Desist" letter so I'm here giving probably a Harvard or Yale graduate the 101 on trademark law as it applies to this particular situation and in essence telling him to kick rocks...9 times out of 10 my response resolves the matter as they know their not dealing with no dummy...").

18.   The City is seeking the following relief by way of intervention: (i) a declaratory judgment that Lopez has no protectable or exclusive rights in the trademarks at issue because such marks as used by him are merely descriptive and/or geographically descriptive and because Lopez has ceased using the marks in commerce and presumptively abandoned the marks; (ii) a declaratory judgement declaring that the copyrights at issue are invalid and have not been infringed; and (iii) an order enjoining Lopez from using the marks at issue as a basis to commence any more trademark or copyright infringement actions without leave of Court.

19.   This action is in its infancy and no discovery has taken place. Defendants Eventbrite, Inc. and Meta Platforms, Inc. have been served and have appeared, but issue has not been joined by either defendant to date. Both defendants' time to file an answer has been extended to June 6, 2024 (ECF Docs. 18 and 20). Accordingly, this motion is timely and there can be no claim of undue delay or prejudice from granting the City's motion to intervene.

15.   Denial of the City's application to intervene, on the other hand, may result in inconsistent verdicts, and inefficient use of judicial resources and may impair, impede and hinder the City's protection and enforcement of its superior and incontestable rights in the City Marks as alleged in the proposed Intervenor Complaint.

16.   The existing parties have no interest in protecting the City's interests in this action. The existing defendants are in the cannabis business; the City is not. The existing defendants are not licensees of the City's trademarks and are not in privity with the City. Plaintiff Lopez is clearly adverse to the City, inasmuch as the City contends that Lopez is willfully counterfeiting and infringing upon the City's federally registered trademarks. Such facts clearly suffice to show that the existing parties may not adequately represent and protect the City's interests.

17.    The claims alleged by Lopez in this action also "share a common question of law or fact. defense" with the claims asserted by the City against Lopez in the City's pending infringement action against Lopez, which concerns the same marks.  Accordingly, public policy considerations and judicial economy warrant allowing permissive intervention.

18.    Based on the foregoing, The City respectfully requests that the Court issue and order allowing the City to intervene in this action pursuant to Rule 24, either as of right or by permission, amending the caption to read as follows:

Executed at New York, New York, on May 13, 2024.

_____
Gerald E. Singleton



www.comptroller.nyc.gov

THE CITY OF NEW YORK
OFFICE OF THE COMPTROLLER
CLAIMS AND ADJUDICATIONS
1 CENTRE STREET  ROOM 1200
NEW YORK, N.Y.  10007-2341

Brad Lander
COMPTROLLER

015 - 152

Date:       6/27/2024
RE:       Acknowledgment - Law
ROBERT G LOPEZ
Claim Number:  2024LW021079
Contract no:

ROBERT G LOPEZ
210 STANTON ST APT 218
NEW YORK NY 10002

Receipt is hereby acknowledged of your claim against the City of New York. Please refer to the above claim number on any correspondence or inquiry you may have with this office. The claim is currently under investigation. If you have any questions regarding your claim, you may contact us at 212-669-4736.

Yours truly,
Bureau of Law & Adjustment

# EXHIBIT J

OFFICE OF THE COMPTROLLER CITY OF NEW YORK

## NOTICE OF CLAIM

### Claimant Information:

Claimant's Name:    Robert G. Lopez a/k/a TRADEMARKROB®           TEL. #: (917) 868-1698
                    www.trademarkrob.com                          Email – Rob@trademarkrob.com

Street Address:     210 Stanton Street, Apt. #218
                    New York, New York 10002

### Claim Information:

City Agency(s) Involved:    The City of New York, Gerald E. Singleton, Esq., Georgia M. Pestana, Esq. and Muriel Goode-Trufant, Esq., in their capacity as "Acting Corporation Counsel of the City of New York."

Nature of Claim:    On **June 13, 2024**, Gerald E. Singleton, Esq., and Muriel Goode-Trufant, Esq. in their capacity as Acting Corporation Counsel of the City of New York, did file an Intervenor Complaint in the case *Robert G. Lopez v. Eventbrite, Inc. et al.* 24CV1544 pending in the United States District Court for the Southern District of New York and the above named parties through their Intervenor Complaint and the complaint filed by the City of New York against claimant on **September 21, 2021**, in the case *City of New York v. Robert G. Lopez* 21CV7862 have engaged in civil conspiracy, tortious interference with business of Claimant, and conversion of Claimant's intellectual property by filing a lawsuit falsely alleging trademark counterfeiting and other similar claims and the City obtained an injunction against Claimant based on its counterfeit claims that has interfered with Claimant's business activities and operations which has caused Claimant significant financial loss, loss of business relationships and licensing opportunities and other business and economic harm.

Claimant will more thoroughly articulate his defamation claims in his complaint against the City of New York and its Acting Assistant Corporation Counsel, Gerald E. Singleton, Esq.

Total Amount Claimed:    Claimant will settle the defamation claims in this matter for two million five hundred thousand dollars $2,500,000.00.

(signature page follows)

**Claimant's Signature:**

Robert G. Lopez

SS:  STATE OF NEW YORK
     CITY OF NEW YORK

SUBSCRIBED AND SWORN TO
BEFORE ME THIS __3rd__ DAY
OF JULY, 20 24

**NOTARY**

KIN MAN JOHNNY HUNG
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HU6344474
Qualified in Kings County
My Commission Expires 07-05-2024

To:  **Office of the Comptroller**
Division of Law – Room 1225 South
1 Centre Street
New York, New York 10007
(212) 669-4736

**(Exhibit A is attached to this NOTICE OF CLAIM)**

2

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ROBERT G. LOPEZ, an Individual,

Plaintiff,

v.-

EVENTBRITE, INC.,
META PLATFORMS, INC., and
JOHN DOES 1-3,

Defendants.

_____

CITY OF NEW YORK,

Intervenor-Plaintiff,

v.-

ROBERT G. LOPEZ,

Plaintiff and Intervenor-Defendant.

--------------------------------------------------------------- X

ECF CASE.

24 CIV. 1544-GHW-SDA

INTERVENOR COMPLAINT

Intervenor-Plaintiff, City of New York (the "City"), by its attorney, Muriel Goode-Trufant,

Acting Corporation Counsel of the City of New York, for its Intervenor Complaint against Plaintiff

and Intervenor-Defendant Robert G. Lopez ("Lopez"), alleges as follows:

## NATURE OF ACTION

1.    By way of intervention, the City seeks a declaratory judgment declaring that Lopez

has no ownership interest or exclusive rights in the NYC NEW YORK CANNABIS marks

alleged in the main action. The City has filed an action against Lopez, which is pending in this

Court and captioned City of New York v. Robert G. Lopez, No. 21 Civ. 7862 (JPO) (OTW) (the

1

"City Trademark Infringement Action"), for trademark counterfeiting, false designation of origin, and unfair competition under the federal Lanham Act, and associated common law and statutory claims under New York state law, based upon Lopez's willful infringement of trademarks and service marks owned by the City in connection with his branding and promotion of cannabis-related goods and services using spurious marks that are virtually identical and substantially indistinguishable from several of the City's most recognizable and iconic trademarks.

2.    On December 21, 2021, Judge Oetken issued a preliminary injunction in the City Trademark Infringement Action (ECF Doc. 44), enjoining Lopez's continued use of his alleged **NYC NEW YORK CANNABIS** marks as described in this action.

3.    As illustrated by the side-by-side comparison below, Lopez has copied federally registered trademarks and service marks owned by the City to create his **NYC NEW YORK CANNABIS** marks and design logos (collectively referred to hereinafter as the "NYC NEW YORK CANNABIS Marks").

| The City's Registered Marks | Dft.'s NYC New York Cannabis Marks |
|---|---|
|  | |



4.     Lopez's use of virtually identical iterations of the City's registered marks is actionable as trademark infringement because an appreciable number of consumers will mistakenly believe that Lopez's goods and services are sponsored, endorsed and/or affiliated with the City and because the use of such spurious marks will tarnish and dilute the acquired distinctiveness and value of the City's registered marks.

5.     Lopez has a history of copying and mimicking well-known trademarks in order to capitalize and trade upon the goodwill associated with such marks; and he currently sells a number of different snap-back hats bearing marks that closely resemble iconic trademarks owned by third parties, such as I ♥ NY, the S.F. Giants, the NFL, the Los Angeles Lakers, the Olympics, and the Las Vegas Welcome sign.

6.     Lopez does not deny his slavish copying the City's marks to create his NYC NEW YORK CANNABIS Marks, but instead, citing 20+ years of experience as a non-lawyer managing intellectual property, has frivolously asserted that his liberal borrowing and blatant adulteration of the City's iconic marks is permissible and defensible as "fair use" and "parody."

## PARTIES

7.     Intervenor-Plaintiff City is a municipal corporation organized pursuant to the laws of the State of New York, with its principal offices in the State of New York, County of New York.

8.      Plaintiff and Intervenor-Defendant Lopez is a citizen and resident of the State of New York, County of New York, residing at 210 Stanton Street, Apt. 218, New York, NY 10002, and an online store at www.losslatino.com and www.nyc-canalbrand.nyc.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367 and 2201.

10.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS

### The City's Federally Registered Marks

11.     The City has a direct, substantial and legally protectable interest in the subject matter of this action.

12.     The City owns valid and subsisting federal registrations for trademarks and service marks in a number of classes covering souvenir merchandise and other goods (collectively referred to as the "City Marks"), as follows:

| USPTO Reg. No. | Mark | Issue Date | Goods/Services |
|---|---|---|---|
| 3668124 | NYG | 8/19/2009 | Class 35 - Promoting business and tourism in the New York metropolitan area, namely, promoting the services of others in the fields of tourism, conventions, restaurants, retail stores, cultural activities, business and business investment in New York City through the distribution of printed, video, online, and audio promotional materials, press releases, press conferences, and the rendering of sales promotion advice; providing promotion of special events<br><br>Class 41 - Entertainment, namely, production and presentation of events in the nature of live show performances, live music concerts, live |

| | | | musical performances and cultural events |
|---|---|---|---|
| 3858973 | NYC | 10/12/2010 | Class 25 - Clothing; namely, caps, t-shirts and sweatshirts |
| 3921788 | NYC | 2/22/2011 | Class 28 - Toys and sporting goods, namely, toy model cars, stuffed toy animals, toy dolls and accessories therefor, articulated toy figurines, toy banks, and Christmas tree ornaments |
| 4661895 | NYC | 12/30/2014 | Class 35 - Providing on-line web directory services featuring hyperlinks to the websites of municipal service agencies and departments of the City of New York |

| | | | |
|---|---|---|---|
| 3122929 | | 8/1/2006 | Class 25 -- Clothing, namely t-shirts, sweatshirts, and baseball caps<br><br>Class 41 -- Education and entertainment services in the field of providing recreational park services and providing facilities for recreation activities |
| 3386271 | | 2/19/2008 | Class 28 - Toys and sporting goods, namely, toy model cars, stuffed toy animals, toy dolls and accessories, articulated toy figurines, toy banks, and Christmas tree ornaments |
| 3780909 | | 4/27/2010 | Class 25 - Clothing, namely, t-shirts, sweatshirts, rain jackets and slickers, and baseball caps<br><br>Class 41 - Education and entertainment services in the field of providing recreational park services and providing facilities for recreation activities |
| 3221347 | CENTRAL PARK | 3/27/2007 | Class 19 - Non-luminous, non-mechanical signs made out of laminated plastic |

Case 1:24-cv-01544-GHW-SDA  Document 44  Filed 06/13/24  Page 7 of 15

| 3221348 | PROSPECT PARK | 3/27/2007 | Class 19 - Non-luminous, non-mechanical signs made out of laminated plastic |

13.     U.S. Reg. No. 3668124; 3858973; 3921788; 4661895; 3122939; 5386271; 3780909; 3221347 and 3221348 are incontestable pursuant to U.S.C. § 1065.

14.     The City Marks and the associated common law rights have been used continuously by the City and its authorized licensees.

15.     The City Marks are inherently distinctive and/or have acquired distinctiveness and secondary meaning by reason of the City's long-standing use and promotion of such marks.

16.     The City operates and maintains an extensive merchandise licensing program, administered by the NYC & Company as the exclusive agent for the licensing of all of the City's various trademarks, pursuant to which a wide variety of officially licensed souvenir merchandise bearing the City Marks, including the registered marks shown above, is sold to the general public.

17.     At all relevant times, Lopez was aware of the City's ownership and claimed exclusive rights in the City Marks for goods and services.

## Lopez's Use of the NYC NEW YORK CANNABIS Marks

18.     At all relevant times, Lopez was aware that the City's was selling t-shirts and other merchandise bearing the City Marks.

19.     Upon information and belief, in late November or early December 2020, Lopez first began offering and selling t-shirts, hoodies and caps bearing the NYC NEW YORK CANNABIS Marks.

20.    Lopez knowingly copied the City Marks in creating his **NYC NEW YORK CANNABIS Marks**.

21.    Lopez is using the **NYC NEW YORK CANNABIS Marks** as trademarks and/or service marks to identify the source and origin of goods and services associated with such marks.

22.    Upon information and belief, sometime in 2018, Lopez began operating a retail store located at 40 Clinton Street, New York, NY 10002, selling clothing and apparel under the name LES Clothing Co.

23.    Upon information and belief, in March 2020, Lopez closed the retail store at 40 Clinton Street, New York NY 1002 due to the Covid-19 pandemic.

24.    Upon information and belief, in November 2020, Lopez reopened the retail store at 40 Clinton Street, New York NY 10002.

25.    Upon information and belief, in or about January 2022, Lopez closed the retail store at 40 Clinton Street, New York NY 10002 and it remains closed..

26.    Upon information and belief, Lopez has used social media, including Facebook and Instagram, to promote the **NYC NEW YORK CANNABIS Marks**.

27.    Upon information and belief, Lopez has given away free marijuana to purchasers of goods bearing the **NYC NEW YORK CANNABIS Marks**.

28.    On May 19, 2021, Lopez registered a domain name for a website at www.nyc cannabis.shop, through which he operated an online store selling t-shirts and snapback hats bearing the **NYC NEW YORK CANNABIS Marks**, including a t-shirt with a mashup of logos on the back of the shirt that are substantially similar to the City's Marks.

29.    On February 29, 2024, Lopez filed the complaint in this action, claiming infringement of his alleged **NYC NEW YORK CANNABIS Marks**, which complaint contains

copies of New York State trademark and service mark registrations as described below that have been issued to Lopez.

## Lopez's New York State Trademark and Service Mark Registrations

30.    Lopez was issued New York state trademark registration, R 33743, on December 15, 2020, with a claimed date of first use of November 14, 2020, in Class 25, for goods ("hoodies, sweaters, caps and t-shirts"), bearing the following mark:



31.    Lopez was issued New York State service mark registration, S 25230, on April 8, 2021, with a claimed date of first use of November 23, 2020, in Class 35, for services ("advertising the brands, goods and services of others; business management and consultation services; providing online business information and news on cannabis products, services and legal developments"), under the following mark:



New York Cannabis

32.    Lopez was issued New York State service mark registration, S 25231, on April 8, 2021, with a claimed date of first use of November 23, 2020, in Class 39, for services ("education and entertainment services, namely, providing a website featuring information in the nature of current news and events on cannabis, the cannabis industry and products containing cannabis products, services and legal developments"), under the following mark:



New York Cannabis

### Lopez's Applications for Federal Trademark and Service Mark Registrations

33.    On May 26, 2021, Lopez filed an application with the USPTO (Serial No. 90/736151) to register the mark shown below as a service mark in International Class 39, with a claimed date of first use in commerce of May 1, 2021, for the following services: "Delivery of Smoking accessories and devices, namely, rolling papers, rolling machines, rolling trays, grinders, smoking pipes, pocket machines for rolling cannabis, lighters, ashtrays, vape pens, smoking pipes and cannabis product menus.; Transport and delivery of goods."

34.    On May 31, 2021, Lopez filed an application with the USPTO (Serial No. 90/745372) to register the mark shown below as a service mark in International Class 45, with a claimed date of first use in commerce of December 27, 2020, for the following services: Licensing of intellectual property in the field of trademarks and copyrights; "Licensing of intellectual property rights."

10

35.    Lopez's **NYC NEW YORK CANNABIS Marks** are counterfeit marks within the meaning of the Lanham Act, in that the marks are spurious designations that are virtually identical to and substantially indistinguishable from the registered City Marks.

36.    Prior to the entry of the preliminary injunction in the City Trademark Infringement Action, Lopez, through both his so-called "flagship" retail shop at 40 Clinton Street, New York, New York 10002, and his online stores at www.bocclothing.com and www.nyc-cannabis.com, has, marketed, sold and distributed a variety of merchandise bearing the **NYC NEW YORK CANNABIS Marks**, including t-shirts, hoodies, snap-back hats, and vinyl stickers.

37.    Prior to the entry of the preliminary injunction in the City Trademark Infringement Action, Lopez used Facebook and Instagram accounts at www.facebook.com/nyc-cannabis and www.instagram.com/nyc-cannabis, to promote the sale of clothing bearing the **NYC NEW YORK CANNABIS Marks.**

38.    Upon information and belief, Lopez has licensed the **NYC NEW YORK CANNABIS Marks** to third party companies to be used on various goods and services under his direct control and authorization.

39.    Lopez's use of the **NYC NEW YORK CANNABIS Marks** constitutes trademark infringement under Section 32 (1) (a) and (b) of the Lanham Act, 15 U.S.C. § 1114 (1)(a), and (b), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade, including "initial interest confusion", as to the source, origin, endorsement, sponsorship and approval of Lopez's advertising, marketing, promoting producing, offering for sale and selling goods and services bearing such marks.

40.    Lopez's use of the **NYC NEW YORK CANNABIS Marks** in interstate commerce in connection with the marketing, distribution and sale of goods and services not approved by the

City constitutes a false designation of origin and/or a false description or representation, including words or symbols tending falsely to describe or represent the same, actionable under Sections 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Lopez's unauthorized and infringing use of the NYC NEW YORK CANNABIS Marks also constitutes misappropriation and infringement of the City Marks under the common law of unfair competition.

## FIRST CLAIM FOR RELIEF

42. The City repeats and re-alleges the allegations contained in paragraphs 1 through 41 as if set forth at length here.

43. There is a justiciable controversy between the City and Lopez concerning their respective rights with regard to Lopez's use of the NYC NEW YORK CANNABIS Marks.

44. The City has a significant protectable interest in the City Marks.

45. The existing parties to this litigation do not have a protectable interest in the City Marks.

46. The City is entitled to a declaratory judgment in this action declaring that Lopez's NYC NEW YORK CANNABIS Marks are counterfeit marks and further declaring that Lopez has no exclusive right to use the words NYC NEW YORK CANNABIS, either singly or in combination, as a trademark or service mark for cannabis-related goods or services because such marks are merely descriptive and/or primarily geographically descriptive as so used.

////

//

## SECOND CLAIM FOR RELIEF

47.     The City repeats and re-alleges the allegations contained in paragraphs 1 through 46 as if set forth at length here.

48.     As alleged in paragraphs 35 through 45 of the First Amended Complaint in this action (ECF Doc. 16), Lopez filed for and obtained copyright registrations for photographs of the NYC NEW YORK CANNABIS Marks, and various items bearing such mark.

49.     There is a justiciable controversy between m the parties as to whether the aforesaid copyright registrations grant Lopez any rights to use the NYC NEW YORK CANNABIS Marks in commerce, other than as photographs of infringing uses of such marks.

50.     There is a justiciable controversy between m the parties as to whether the aforesaid copyright registrations can serve as a basis for a trademark infringement claim against third parties, including the defendant in this action..

51.     The City is entitled to  a declaratory judgment in t his action declaring that the aforesaid copyrights are invalid and cannot be used a s a basis for an infringement action based on the use of the NYC NEW YORK CANNABIS Marks in commerce.

## THIRD CLAIM FOR RELIEF

52.     The City repeats and re-alleges the allegations contained in paragraphs 1 through 51 as if set forth at length here.

53.     This action is the latest of more than 50 infringement actions that Lopez has filed in this court against third parties as a *pro se* plaintiff.

13

54.     Upon information and belief, plaintiff has never prevailed on the merits of any infringement claim that he has filed in this Court.

55.     Lopez has on numerous occasions failed to take required action, such as appearing for conference, filing papers, prosecting appeals, serving papers, keeping his contact information current, etc.

56.     Lopez also provides legal services and give legal advice t to client, including drafting and filing pleadings, sending and responding to cease and desist letters, and conducting settlement negotiations with adverse parties.

57.     Lopez is not admitted to practice law in any jurisdiction and is, in fact, practicing law without a license.

58.     Lopez's action, as heretofore described constitute a public nuisance in that he frequently pursues frivolous and/or objectively unreasonable claims that lack a sound fact or legal basis.

59.     By reason of the foregoing, Lopez should be enjoined from commencing any trademark or copyright infringement actions in this Court, without first obtaining leave of Court.

/

/

/

WHEREFORE, the City prays that this Court enter judgment (i) declaring that Lopez has no rights in the NYC NEW YORK CANNABIS Marks at issue in this action; (ii) declaring that Lopez's alleged copyright registrations are invalid as a basis for pursing trademark infringement claims; (iii) enjoining Lopez from commencing trademark or copyright infringement actions in this Court, without first obtaining leave of Court; (iv) enjoining Lopez from practicing

law or giving legal advice to third parties regarding purported trademark or copyright interests or rights, without being duly admitted to practice law; (v) dismissing Lopez' claims in this action with prejudice; and (vi) granting such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
      June 13, 2024

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the
  City of New York
*Attorney for Intervenor-Plaintiff*
100 Church Street, Room 20-092
New York, New York 10007
Office:(212) 356-2036
Fax: (212) 356-2038
Cell: (917) 734-7906; (646) 830-1066

By: _____
    Gerald E. Singleton
    Assistant Corporation Counsel

www.comptroller.nyc.gov

THE CITY OF NEW YORK
OFFICE OF THE COMPTROLLER
CLAIMS AND ADJUDICATIONS
1 CENTRE STREET  ROOM 1200
NEW YORK, N.Y.  10007-2341

Brad Lander
COMPTROLLER

015 - 152

Date:      7/12/2024
RE:        Acknowledgment - Law
ROBERT G LOPEZ
Claim Number:  2024 W022593
Contract no:

ROBERT G LOPEZ
210 STANTON ST APT 218
NEW YORK NY 10002

Receipt is hereby acknowledged of your claim against the City of New York. Please refer to the above claim number on any correspondence or inquiry you may have with this office. The claim is currently under investigation. If you have any questions regarding your claim, you may contact us at 212-669-4736.

Yours truly,

Bureau of Law & Adjustment

# EXHIBIT K

OFFICE OF THE COMPTROLLER CITY OF NEW YORK

### NOTICE OF CLAIM

**Claimant Information:**

**Claimant's Name:**     Robert G. Lopez a/k/a TRADEMARKROB®          TEL. #: (917) 868-1698
                         www.trademarkrob.com                        Email – Rob@trademarkrob.com

**Street Address:**      230 Clinton Street, Apt. #11C
                         New York, New York 10002

**Claim Information:**

**City Agency(s) Involved:**     The City of New York

**Nature of Claim:**     The City of New York has infringed Claimant's registered copyrights in his **NYC NEW YORK CANNABIS™** Snapback Photo copyright and in Plaintiff's **NYC NEW YORK CANNABIS™** Logo Photo and the publishing of infringing images that violate Claimant's copyrights described above is ongoing and continuous as of the date of this notice.

**Total Amount Claimed:**     Claimant will settle the copyright claims in this matter for **seven hundred fifty thousand dollars $750,000.00**.

**Claimant's Signature:**     _____
                             Robert G. Lopez

SS:  STATE OF NEW YORK
     CITY OF NEW YORK

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 19th      DAY
OF SEPTEMBER, 2024

_____
NOTARY

RICHARD M CHENG
Notary Public, State of New York
Reg. No. 01CH6130110
Qualified in Kings County
Commission Expires July 05, 20__

To:  **Office of the Comptroller**
**Division of Law – Room 1225 South**
**1 Centre Street**
**New York, New York 10007**
**(212) 669-4736**