UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lopez, <br><br>         Plaintiff, <br><br>       v. <br><br> New York City Tourism + Conventions, Inc. et al., <br><br>         Defendants. | 24-CV-7106 (DEH) <br><br> ORDER |

DALE E. HO, United States District Judge:

  Currently before the Court is Plaintiff Robert Lopez's Motion for Default Judgment[1] and Defendant New York City Tourism + Conventions, Inc.'s ("NYCTC") Opposition to Plaintiff's Motion for Default Judgment and Cross-Motion to Vacate Default.[2] For the reasons explained below, NYCTC's Motion to Vacate Default is **GRANTED** and Mr. Lopez's Motion for Default Judgment is **DENIED AS MOOT**.

  Mr. Lopez filed his Complaint on September 19, 2024,[3] and he served NYCTC via the New York Secretary of State on October 1, 2024.[4] NYCTC's answer was due on October 22, 2024.[5] When NYCTC did not answer or otherwise respond to the Complaint, Mr. Lopez filed a proposed certificate of default on October 24, 2024.[6] Later that day, the Clerk of Court entered

---

[1] ECF No. 14.

[2] ECF No. 25.

[3] ECF No. 1.

[4] *See* Affidavit of Service, ECF No. 7.

[5] *See* Federal Rule of Civil Procedure 12(a)(1)(A)(i).

[6] ECF No. 9. That same day, Mr. Lopez also filed a declaration in support of his request for a Clerk's Certificate of Default. ECF No. 10.

default against NYCTC.[7]  On October 29, 2024, Mr. Lopez filed a Motion for Default Judgment against NYCTC.[8]

Counsel for NYCTC, Gerald Singleton ("Attorney Singleton"), made an appearance on November 15, 2024[9] and promptly filed NYCTC's pending Motion opposing default judgment and to vacate the entry of default.[10]  In its Motion and supporting papers, NYCTC noted that:

- Mr. Lopez sought a Clerk's Certificate of Default two days after NYCTC's Answer was due.[11]

- NYCTC was in the process of moving its offices "at all the relevant times."[12]  As a result, NYCTC's chief operating officer and general counsel says that she "did not receive notice regarding service of process from the Secretary of State until after Plaintiff filed his motion for a default judgment."[13]  Thus, she says, "the default was not deliberate or willful; the proof of service simply fell through the cracks and did not get to [her] until after the default occurred."[14]

- Mr. Lopez says he "sent an email to senior executives of Defendant NYCTC providing a courtesy copy of the Complaint and the affidavit of service that was filed with the Court" "[i]n addition to formal service of the Summons and Complaint."[15]  In fact, one of the two "senior executives" of NYCTC to whom Mr. Lopez sent the email was a paralegal.[16]  The other was not an executive but rather an attorney, though because Mr. Lopez misspelled her email, his message "presumably was not received by her."[17]

---

[7] ECF No. 11.

[8] ECF No. 14.

[9] *See* Notice of Appearance, ECF No. 24.

[10] ECF No. 25.

[11] Declaration of Natalie Koeppf ("Koeppf Decl.") ¶ 4, ECF No. 27.

[12] *Id.* ¶ 6.

[13] *Id.*

[14] *Id.*

[15] Declaration in Support of Plaintiff's Motion for a Default Judgment at ¶ 7, ECF No. 16.

[16] Declaration of Gerald E. Singleton ("Singleton Decl.") ¶ 10, ECF No. 26.

[17] Koeppf Decl. ¶ 5.

- Mr. Lopez is the defendant in a trademark infringement lawsuit brought by the City of New York (the "City") in 2021, over three years before he filed this suit.[18] The City's counsel in that suit is NYCTC's counsel in this suit—Attorney Singleton.[19] Attorney Singleton "communicate[s] with Plaintiff regarding all of the pending actions by both email and text messages,"[20] and "Plaintiff knew or should have known that [Attorney Singleton] represent[s] NYCTC"[21] because his Complaint "alleges that that NYCTC is the City's exclusive licensing agent for licensed products bearing the City's trademarks."[22]

- On October 16, 2024, Mr. Lopez sent an email to Attorney Singleton requesting that Attorney Singleton waive service on behalf of all City-affiliated Defendants *except* NYCTC.[23] Mr. Lopez attached a copy of his Complaint to that email.[24] Mr. Lopez also attached "a copy of the proof of service on NYCTC" to that message.[25] Attorney Singleton ultimately waived service for the other City-affiliated Defendants but, because he was "out of town on vacation and . . . did not focus on the date of service and time for a response by NYCTC," failed to realize that NYCTC's answer was due the following week and that Mr. Lopez had not requested service be waived for NYCTC.[26]

- On October 30, 2024, upon realizing his mistake, Attorney Singleton emailed Mr. Lopez requesting that Mr. Lopez agree to extend NYCTC's time to answer.[27] Mr. Lopez "promptly responded with an email stating that he intended to vigorously pursue a default judgment."[28]

---

[18] Singleton Decl. ¶ 1 (citing *City of New York v. Lopez*, No. 21 Civ. 7862 (S.D.N.Y.)).

[19] *Id.* ¶ 1, 7.

[20] *Id.* ¶ 19.

[21] *Id.* ¶ 8.

[22] *See* Memorandum of Law in Opposition to Plaintiff's Motion for Default Judgment and in Support of Cross Motion to Vacate Certificate of Default as to Defendant New York City Tourism + Conventions, Inc. ("NYCTC's Mem.") at 2, ECF No. 28.

[23] *See id.*

[24] *Id.*

[25] Singleton Decl. ¶ 11. The Court notes that, in its Memorandum of Law, NYCTC says that this email was sent on October 16, 2024. *See* NYCTC's Mem. at 2. But in Attorney Singleton's Declaration, he says that the email was sent on October 15. *See* Singleton Decl. ¶ 11.

[26] Singleton Decl. ¶ 11.

[27] NYCTC's Mem. at 3.

[28] *Id.*

3

On November 18, 2024, this Court issued an Order confirming receipt of NYCTC's Motion.[29] That Order directed Mr. Lopez to file any opposition to NYCTC's Motion to Vacate Default by December 3, 2024.[30] Mr. Lopez filed no opposition.

Under the Federal Rules of Civil Procedure,[31] "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[32] But the clerk's entry of default is only the first in the two-step default judgment process.[33] After the clerk enters default, the plaintiff must move for default judgment.[34] The "entry of a default judgment converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)."[35] Typically, a default judgment must be entered by the district court, not by the clerk of court.[36]

"The mere entry of default by the Clerk of Court does not mean that a default judgment is automatically warranted."[37] Instead, before entering default judgment, "the court considers

---

[29] Memo. Endorsement, ECF No. 33.

[30] *Id.*

[31] All subsequent references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[32] Federal Rule of Civil Procedure 55(a).

[33] *See id.* at 55(a)-(b).

[34] *See id.* at 55(b)(1)-(2).

[35] *City of New York v. Mickalis Pawn Shop, LLC.*, 645 F.3d 114, 128 (2d Cir. 2011).

[36] *See* Federal Rule of Civil Procedure 55(b)(1)-(2); *Mickalis Pawn Shop*, 645 F.3d at 128 ("Under Rule 55(b), a default judgment ordinarily must be entered by the district judge, rather than by the clerk of court, except in certain circumstances provided for by the rule and not present here.").

[37] *Trinkhaus v. TGI Tours, Inc.*, No. 20 Civ. 2292, 2022 WL 464213, at *1 (S.D.N.Y. Feb. 15, 2022).

whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."[38] "[D]efault judgment is the most severe sanction which the court may apply."[39] "It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits."[40] Therefore, if a defendant appears after the clerk of court has entered default but before the district court enters default judgment, "the court may set aside an entry of default for good cause."[41] The Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented."[42] "A motion to vacate a default is subject to a less rigorous standard than applies to a Rule 60(b) motion to vacate a default judgment."[43]

Applying the relevant factors, the Court, in its discretion, grants NYCTC's Motion to Vacate Default. First, NYCTC's default was not "willful" within the meaning of the term in this context. "Willfulness in the default judgment context looks to egregious or deliberate conduct, and even grossly negligent actions do not necessarily qualify."[44] Clearly, NYCTC's conduct here was not "egregious or deliberate." As explained, NYCTC's failure to respond was an oversight. Its chief operating officer and general counsel "did not receive notice" of the suit "until after

---

[38] *Lam aka v. Russian Desserts Inc.*, No. 18 Civ. 7354, 2020 WL 42810, at *1 (E.D.N.Y. Jan. 3, 2020).

[39] *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

[40] *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001).

[41] Federal Rule of Civil Procedure 55(c).

[42] *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

[43] *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996).

[44] *United States v. Starling*, 76 F.4th 92, 102 (2d Cir. 2023).

Plaintiff filed his motion for a default judgment," apparently because NYCTC was in the process of moving offices.[45] And Attorney Singleton did not prepare a response to the Complaint because he "did not focus on the date of service and time for a response by NYCTC."[46] While perhaps negligent or careless,[47] this lapse does not rise to the level of willfulness required to defeat NYCTC's vacatur motion. The Court also notes that Attorney Singleton filed this Motion to Vacate Default two weeks after being made aware of the default, "evidenc[ing] an intention and attempt to defend against the action" and counseling against a finding of willfulness.[48]

Second, setting aside NYCTC's default will not prejudice Mr. Lopez. "[D]elay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."[49] Absent any objection by Mr. Lopez, and absent any evidence of the aforementioned disadvantages or malfeasance, the Court has no reason to find prejudice here.

Finally, NYCTC presents evidence of having a meritorious defense to Mr. Lopez's claims. "As to meritorious defenses, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense."[50] The "threshold of adequacy for Rule 55 purposes" with respect to meritorious defenses is "low."[51]

---

[45] Koeppf Decl. ¶ 4.

[46] Singleton Decl. ¶ 11.

[47] *See S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) ("We have interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless.").

[48] *Vega v. Regent Hosp. Linen Servs., LLC*, No. 24 Civ. 2911, 2024 WL 3318232, at *1 (S.D.N.Y. June 27, 2024) ("The fact that Defendant appeared promptly after Plaintiff filed his motion for default judgment also undercuts a finding of willfulness because it evidences an intention and attempt to defend against the action.").

[49] *Henry v. Oluwole*, 108 F.4th 45, 52-53 (2d Cir. 2024).

[50] *Vega*, 2024 WL 3318232, at *1.

[51] *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

6

NYCTC clearly meets this low threshold. Mr. Lopez brings copyright infringement claims against Defendants, and he also accuses them of "engag[ing] in a civil conspiracy with one another to devise and execute a plan and scheme to interfere with [his] business operations."[52] NYCTC argues that that "[t]he Complaint fails to allege any concrete facts showing actions on the part of NYCTC to support any of the claims alleged against NYCTC," that Mr. Lopez's "copyright infringement claim fails to state a claim upon which relief can be granted as a matter of law," and that "none of [Mr. Lopez's other] claims are well-plead."[53] It supports these statements in detail, explaining, for example, why the photograph from NYCTC's website Mr. Lopez points to as evidence of copyright infringement does not contain any of his copyrighted materials.[54] Attorney Singleton also describes the features of NYCTC's defense in his declaration, explaining why Mr. Lopez's "Complaint is misguided and ignores the substantive differences between the protection afforded by copyright and trademark law."[55] In sum, "more than sufficient evidence of a complete defense is found in this record."[56]

---

[52] Complaint ¶ 1-2.

[53] NYCTC's Mem. at 6-13.

[54] *See id.* at 8-12.

[55] Singleton Decl. ¶ 25.

[56] *Enron Oil Corp.*, 10 F.3d at 98.

For the reasons explained above, NYCTC's Motion to Vacate Default is **GRANTED** and Mr. Lopez's Motion for Default Judgment is **DENIED AS MOOT**. The Clerk of Court is respectfully directed to terminate ECF Nos. 14 and 25. The Clerk of Court is also respectfully directed to mail a copy of this Order to Plaintiff proceeding *pro se*.

SO ORDERED.

Dated: April 21, 2025
       New York, New York

                                              DALE E. HO
                                      United States District Judge